IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-133-DRH |
| | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT II**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its attorney, LISA MADIGAN, Attorney General for the State of Illinois, and pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) submits its Memorandum in Support of Motion to Dismiss Count II in support of which Defendant states as follows:

**INTRODUCTION**

Plaintiff filed a Complaint with this Court on February 20, 2009. Count I of Plaintiff's Complaint alleges violations of the Age Discrimination in Employment Act (ADEA). Count II of Plaintiff's Complaint alleges violations of the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq*.) The facts pled in Plaintiff's Complaint which support Counts I and II are identical, and generally allege that the Defendant discriminated against Plaintiff on the basis of her age. For the following reasons, Count II of Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

**ARGUMENT**

**1.    Count II is Barred by the Eleventh Amendment**

The Eleventh Amendment to the Constitution of the United States provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." It has long been recognized that the Eleventh Amendment embodies principles of sovereign immunity which also bar suits against a state by its own citizens. *See Hans v. Louisianna*, 134 U.S. 1 (1890); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (construing the Eleventh Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" (quoting *Employees v. Miss. Dep't of Pub. Health and Welfare*, 411 U.S. 279, 280 (1973)). Thus, a citizen may not sue a state in federal court unless that state has consented to suit or Congress has unequivocally abrogated that state's immunity through legislation enacted pursuant to the Fourteenth Amendment. *See Varner v. Ill. State Univ.*, 226 F.3d 927, 929-930 (7th Cir. 2000); *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996). "Unless a State has waived its Eleventh Amendment immunity or Congress has over ridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought. *Ky. v. Graham*, 473 U.S. 159, 167 n. 14 (1985). State agencies are considered to be arms of the State and are therefore also immune from suit under the Eleventh Amendment. *See Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008); *see also Ellis v. Board of Governors* 102 Ill.2d 387, 392 (1984); *Gordon v. Ill. Dep't of Transp.*, 99 Ill.2d 44, 46 (1982); *Magna Trust Co. v. Dep't of Transp.*, 234 Ill. App. 3d 1068, 1070 (1992) (holding that a claim against a State department is same as claim against State itself).

Here, Illinois law generally bars claims against the State of Illinois. *See* 745 ILCS 5/1 ("[e]xcept as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made

a defendant or party in any court."). Actions pursuant to the Illinois Human Rights Act are not an exception to this general rule. *See* 745 ILCS 5/1.5. As such, Illinois has not abrogated its Eleventh Amendment immunity to suit for claims arising under the Illinois Human Rights Act. In addition, because Count II is based solely on State law, there is no Congressional legislation which would have abrogated the Eleventh Amendment immunity of the State of Illinois. Therefore, the claims in Count II of Plaintiff's Complaint are barred by the Eleventh Amendment and should be dismissed.

**2.      The Illinois Human Rights Commission has Exclusive Jurisdiction**

Under Illinois law, all matters brought pursuant to the Illinois Human Rights Act are the exclusive jurisdiction of the Illinois Human Rights Commission. *See* 775 ILCS 5/8-111(C)(**"**Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); *see also Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507, 518 (1994) (concluding that the counts of the plaintiff's complaint that alleged "a 'civil rights violation' within the meaning of the Human Rights Act . . . are barred by section 8-111(C) of the Act").

Here, in Count II Plaintiff alleges violations of the Illinois Human Rights Act. This is purely a state law action and, therefore, state law applies. *See Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002). As such, pursuant to Illinois law the sole forum for claims under the Illinois Human Rights Act, like those in Count II of Plaintiff's Complaint, is the Illinois Human Rights Commission. *See* 775 ILCS 5/8-111(C); *see also Geise*, 159 Ill.2d at 518. As such, this Court lacks subject matter jurisdiction to hear the claims in Count II of Plaintiff's Complaint and it should therefore be dismissed.

## **CONCLUSION**

For these reasons, the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS respectfully requests that this honorable Court GRANT its Motion to Dismiss Count II and DISMISS Count II of Plaintiff's Complaint with Prejudice.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  09-133-DRH |
| | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on May 1, 2009, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss Count II with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Thomas O. Falb
tfalb48@yahoo.com

and I hereby certify that on May 1, 2009, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,

 /s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us