IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.: 09-cv-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS COUNT II**

Comes now the Plaintiff, BETTY D. COOK, by and through her attorney, THOMAS O. FALB, of the law offices of WILLIAMSON, WEBSTER, FALB & GLISSON, and for her Memorandum in Support of her Response to Defendant's Motion to Dismiss Count II, states as follows:

**INTRODUCTION**:

Plaintiff's complaint consists of two Counts. The first Count is under the Age Discrimination Employment Act and the second Count is under is for violations of the Illinois Human Rights Act. 775 ILCS 5/1-101 et seq. The facts pled in each Count are similar and generally allege that the Defendant discriminated against the Plaintiff on the basis of age. Defendant has answered Count I of the Complaint and has moved to dismiss Count II for lack of subject matter jurisdiction.

The Defendant's arguments is two fold: violation of the 11th Amendment and, secondly, the Illinois Human Rights Commission has exclusive jurisdiction.

Page 1 of 3

**ARGUMENT**:

1.      <u>Count II is Not Barred by the 11th Amendment</u>.  Defendant has argued that the 11th Amendment prevents a citizen from suing a state unless the state has consented to the suit.  Defendant has argued that, in general, Illinois law bars claims against the State of Illinois except for certain actions set forth in 745 ILCS 5/1.

2.      It is admitted that said Section (745 ILCS 5/1-1 et seq) does not specifically address sovereign immunity or consent under the Illinois Human Rights Act.

However, it is clear that the State of Illinois has consented to suit via the Illinois Human Rights Act. The Illinois Human Rights Act protects victims of unlawful discrimination regarding age. 775 ILCS 5/1-102(A).  The State of Illinois and any political subdivision or other governmental unit or agency, without regard to the number of employees, is an "employer" underneath the Act and therefore subject to this Act. 775 ILCS 5/2-101(B)(1)(C).

The Illinois Human Rights Act allows claimants the option to proceed with the Commission or to file a civil action in the appropriate circuit court. 775 ILCS 5/7A-102(C)(3)(4).

Therefore, the State of Illinois, via the Illinois Human Rights Act, has consented to this Count II claim.  The State is an employer underneath the Illinois Human Rights Act.  The State cannot discriminate based upon age.  A claimant has the option of going through the commission or filing suit in a civil court.

WHEREFORE, for the above-stated reasons, Plaintiff prays that this Court deny Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

BETTY D. COOK, Plaintiff


BY:___s/s Thomas O. Falb_____
    THOMAS O. FALB - #00768804
    Williamson, Webster, Falb & Glisson
    Attorneys at Law
    603 Henry Street.
    Alton, IL 62002
    Telephone:  (618) 462-1077
    Facsimile:  (618) 462-1080

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system which will send notification of such filings to the following:

Lisa Madigan, Attorney General State of Illinois
Joanna Belle Gunderson, AAG
500 South Second Street
Springfield, IL 62706
Attorney for the Defendant Illinois Department of Corrections


Respectfully submitted,

s/s Thomas O. Falb
THOMAS O. FALB - #00768804
Williamson, Webster, Falb & Glisson
Attorneys at Law
603 Henry Street.
Alton, IL 62002