IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY D. COOK**,

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF CORRECTIONS,**

**Defendant.**                                                                    **No. 09-cv-0133-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendant's May 1, 2009 motion to dismiss Count II of Plaintiff's complaint (Doc. 4). Specifically, Defendant contends that the Court should dismiss Count II of Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff opposes the motion (Doc. 11).

On February 20, 2009, Plaintiff filed a Complaint against the Defendant alleging causes of action under the Age Discrimination in Employment Act ("ADEA") (Count I) and under the Illinois Human Rights Act (Count II). Defendant argues that Plaintiff's cause of action under the Illinois Human Rights Act should be dismissed. Specifically, Defendant contends that Count II of Plaintiff's Complaint is barred by the doctrine of sovereign immunity under the Eleventh Amendment and by the exclusive jurisdiction of the Illinois Human Rights Commission. Based on the record, the applicable law and the following, the Court grants the motion.

## II. Analysis

The Eleventh Amendment to the United States Constitution provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." **U.S.C.A. Const. Amend. XI.** The Supreme Court has interpreted the sovereign immunity doctrine under the Eleventh Amendment to extend to suits brought against a state by its own citizens. ***Hans v. Louisiana*, 134 U.S. 1 (1890);** ***Pennhurst State Sch. & Hosp. V. Halderman,* 465 U.S. 89 (1984).** The Eleventh Amendment thus provides a state with sovereign immunity unless the state waives their immunity to suit or Congress has unequivocally abrogated that state's immunity through legislation pursuant to the Fourteenth Amendment. ***Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44 (1996),** ***Ky. v. Graham*, 473 U.S. 159, 167 n. 14 (1985).**

Here, Count II of Plaintiff's Complaint cites a cause of action arising under the Illinois Human Rights Act, a state law. State sovereign immunity rules apply to state law causes of action brought in federal court. ***Van Guilder v. Glasgow*, 588 F.Supp.2d 876, 881 (N.D. Ill. 2008).** The State of Illinois has not consented to suits brought against it under the Illinois Human Rights Act. The Illinois State Lawsuit Immunity Act specifies that "[e]xcept as provided in the Illinois Public Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in and to the extent

provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court." **745 I.L.C.S. 5/1 (2008).** Despite Plaintiff's contentions, the State of Illinois has not consented to suit via the Illinois Human Rights Act. Suits brought under the Human Rights Act are not mentioned within **745 I.L.C.S. 5/1** nor **745 I.L.C.S. 5/1.5** as an exception to the State's immunity. Thus, actions pursuant to the Illinois Human Rights Act are not an exception to the State of Illinois' immunity provision. Additionally, because Plaintiff's cause of action arises under state law, there is no Congressional legislation that abrogates the State of Illinois' immunity from suit. Furthermore, the claims in Count II of Plaintiff's Complaint are barred by the doctrine of sovereign immunity provided in the Eleventh Amendment. Because the Court finds that Count II is barred, the Court need not address Defendant's argument regarding exclusive jurisdiction.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count II of Plaintiff's complaint (Doc. 4). The Court **DISMISSES with prejudice** Count II of Plaintiff's complaint.

**IT IS SO ORDERED.**

Signed this 20th Day of August, 2009.

/s/    David R Herndon
**Chief Judge**
**United States District Court**