IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| -vs- | )    No. 09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("Department"), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment, states as follows:

1. Plaintiff was born in 1957. *See* Ex. 1 at 80:15.

2. Plaintiff started working for the Department in 1976 at Pontiac Correctional Center. *See* Ex. 1 at 8:17-20.

3. Plaintiff transferred to Centralia Correctional Center ("Centralia") in 1994. *See* Ex. 1 at 8:13-16.

4. Prior to becoming a counselor, Plaintiff's jobs at the Department were clerical. *See* Ex. 1 at 10:13-15:10, 17:25-18:15.

5. Plaintiff became a Correctional Counselor I in February 2004. *See* Ex. 1 at 18:6-9.

6. In February 2004 there were 6 Correctional Counselor IIs at Centralia: Sena Landreth,

1

        Pamela Alemond, Cindy Keck, Anthony Ballantini, Terri Loepker, and Gina Feazel. *See* Ex. 1 at 18:19-22.

7. From February 2004-March 2006, there was one Correctional Counselor III at Centralia, Alan Sanner, who was responsible for a regular housing unit caseload of inmates as well as orientation of new inmates, approving time off requests for counselors, reviewing work of counselors, and providing input into the performance evaluations of the counselors. *See* Ex. 18; Ex. 2 at 86:12-17.

8. In February 2004, Plaintiff's supervisor was Assistant Warden of Programs Allan Wisely. *See* Ex. 1 at 22:13-10.

9. The counselors who worked with Plaintiff in 2004, as well as her supervisor at the time, observed that Plaintiff, while a hard worker, struggled to grasp the counselor job. *See* Ex. 2 at 89:23-90:12; 92:14-93:7; Ex. 7 at 21:21-23; 25:20-26:10; 27:18-28:8; Ex. 3 at 25:21-26:4; Ex. 11 at 15:17-16; 17:18-23; 22:14-19; Ex. 9 at 11:25-13:16; 17:12-15; 35:21-36:12.

10. In January 2005, Ann Casey was appointed Assistant Warden of Programs at Centralia. *See* Ex. 2 at 15:23-24; Ex. 1 at 26:22-25.

11. In February 2005, Plaintiff received a promotion to Correctional Counselor II. *See* Ex. 1 at 24:19-21; *see also* Ex. 14.

12. After Sanner, Ballantini, and Loepker left on March 17, 2006, the Counseling department at Centralia consisted of three Counselor IIs (Plaintiff, Feazel and Landreth). *See* Ex. 1 at 35:8-12.

13. After March 17, 2006 the work of what had been 6 counselors was divided among the

remaining counselors.  *See* Ex. 1 at 36:12-37:11.

14. Since March 17, 2006, there has not been a Correctional Counselor III at Centralia.  *See* Ex. 1 at 31:21-32:3.

15. Since March 17, 2006, there has not been a posting for a Correctional Counselor III at Centralia.  *See* Ex. 1 at 31:21-32:3.

16. The Correctional Counselor III job has not been posted because of budgetary decisions made by Department officials in Springfield.  *See* Ex. 8 at 87:21-88:4; Ex. 2 at 130:3-10.

17. After Sanner retired, Plaintiff did not take over any of the supervisory portions of Sanner's job.  *See* Ex. 1 at 32:10-21; 36:12-16.

18. In December 2006 Bart Toennies permanently transferred to the counseling Department at Centralia as a Counselor II.  *See* Ex. 1 at 38:6-7.

19. In January 2007 Deb Brink promoted to Correctional Counselor I at Centralia.  *See* Ex. 1 at 35:13-15.

20. From January to July 2007 there were 4 Counselor IIs (Plaintiff, Feazel, Landreth, Toennies) and 1 Counselor I (Brink) at Centralia.  *See* Ex. 1 at 58:3-9.

21. From February 2005 to April 2007 Casey spoke with Plaintiff on numerous occasions to correct mistakes made by Plaintiff.  *See* Ex. 2 at 95:3-19; 147:17-148:18; 151:1-14.

22. Casey tried to avoid imposing discipline as long as possible in the hope Plaintiff would improve on her own.  *See* Ex. 2 at 150:16-20; 151:9-14; 154:20-25; 155:11-15; 155:20-156:3.

23. By Spring 2007, Plaintiff had not improved and Casey began to impose discipline.  *See* Ex. 2 at 156:15-157:13.

24. Discipline that is "progressive" follows a list proscribed in the collective bargaining unit which sets forth what discipline should be imposed based upon what discipline came before. *See* Ex. 4 at 56:13-57:6; 58:8-10.

25. On March 19, 2007 Plaintiff made an entry into the C.H.A.M.P.S. system for inmate Cobb which contained personal comments about the offender and vulgarity. *See* Ex. 23.

26. On May 10, 2007 Plaintiff received a written reprimand (reduced to counseling pursuant to a grievance resolution) as discipline for making an inappropriate C.H.A.M.P.S. entry. *See* Ex. 23.

27. In April 2007, Plaintiff failed to log contacts for more than 60 inmates on her caseload. *See* Ex. 24.

28. On May 10, 2007 Plaintiff received a one day suspension (reduced to an oral reprimand pursuant to a grievance resolution) as discipline for failing to see 61 inmates on her caseload within the required 90 days. *See* Ex. 24.

29. On April 24, 2007 Plaintiff approved a visitor list for inmate Williams which included as a potential visitor Molly McClendon. *See* Ex. 25.

30. On June15, 2007 Plaintiff received a three day suspension as discipline for approving an inmate's visitor list which contained a victim of that inmate as a visitor. *See* Ex. 25.

31. On May 8, 2007 and May 9, 2007 incident reports were written which alleged that Plaintiff was not classifying her inmates in a timely manner. *See* Ex. 30.

32. On June 8, 2007 the allegations that Plaintiff was not classifying inmates in a timely manner were dropped and Plaintiff received no discipline. *See* Ex. 30.

33. In May 2007 Casey performed a performance evaluation of Plaintiff for 2006-2007 which

4

was later expunged pursuant to a grievance. *See* Ex. 16.

34. On June 7, 2007 Plaintiff sent an email to Deb Gordon requesting that she change information in the C.H.A.M.P.S. system for a list of inmates. *See* Ex. 27-28.

35. On August 9, 2007 Plaintiff received a five day suspension as discipline for going outside the chain of command when she sent the June 7, 2007 email. *See* Ex. 27.

36. On August 9, 2007 Plaintiff received a 10 day suspension (expunged pursuant to a grievance resolution) for attempting to falsify a department record when she sent the June 7, 2007 email. *See* Ex. 28.

37. In July 2007 Ann Casey resigned as Assistant Warden of Programs and left the Department's employ. *See* Ex. 2 at 15:25-16:3; *see also* Ex. 1 at 50:8-9.

38. Plaintiff had no contact with Casey after June 26, 2007. *See* Ex. 1 at 64:5-8.

39. During the time between when Casey resigned and a new Assistant Warden was appointed, Julius Flagg, Assistant Warden of Operations at Centralia, acted as the supervisor over the counseling department. *See* Ex. 1 at 51:15-22.

40. After Casey left, Plaintiff went on a leave of absence from Centralia starting August 20, 2007. *See* Ex. 1 at 69:11-15.

41. Plaintiff returned from leave of absence on November 14, 2007. *See* Ex. 1 at 69:16-17.

42. On November 1, 2007 Ty Bates was appointed Assistant Warden of Programs at Centralia. *See* Ex. 1 at 51:2-5.

43. Prior to May 2008 Plaintiff had no issues with Bates. *See* Ex. 1 at 202-21-203:4.

44. From November 14, 2007 until she retired, Plaintiff's job assignment did not change. *See* Ex. 1 at 73:23-74:1.

45. On November 20, 2007 Assistant Warden Flagg performed a performance evaluation of Plaintiff for 2006-2007 as required by a grievance resolution. *See* Ex. 16.

46. Plaintiff submitted her intent to retire on May 15, 2008. *See* Ex. 31.

47. Plaintiff retired from the Department on June 1, 2008. *See* Compl. at ¶ 8.

48. Sena Landreth was born in 1955. *See* Ex. 32.

49. Deb Brink was born in 1957. *See* Ex. 32.

50. Gina Feazel was born in 1966. *See* Ex. 32; Ex. 5A at 3:11-12.

51. Bart Toennies was born in 1971. *See* Ex. 32; Ex. 10 at 3:8-9.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 09-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I electronically filed the foregoing Statement of Undisputed Material Facts in Support of Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Thomas O. Falb
tfalb48@yahoo.com

and I hereby certify that on March 26, 2010, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,

/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
jgunderson@atg.state.il.us