IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY D. COOK**,

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF CORRECTIONS,**

**Defendant.**                                                   **No. 09-cv-0133-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Now before the Court are the parties' motions in limines (Docs. 39 & 45) and the responses (Docs. 44 & 47).  Based on the following, the Court grants in part and denies in part both motions in limines.

First, the Court addresses IDOC's motion in limine (Doc. 39).  First, IDOC moves in limine to exclude evidence regarding political affiliation or political activism of the parties or witnesses as irrelevant.  Cook responds that this evidence is relevant as the information goes to the credibility of IDOC's employees/witnesses.  The Court denies this request.  Cook's theory of the case encompasses both age discrimination as well as political influence as it relates to issues of age and thus this information is relevant.

Second, IDOC moves in limine to exclude evidence regarding personal relationships the witnesses and in particular the former warden.  Cook responds that this evidence is relevant as it goes to the credibility and bias of the witnesses.  The

Court also denies this request. Cook's theory of the case, similar to the first issue above, also includes assertions that Democratic friends wanted certain younger individuals moved up in the counseling department and the only way this could be achieved was to get rid of the "older" employees such as Cook, thus, evidence of personal relationships is relevant.

Next, IDOC moves to exclude evidence or claims that are beyond the scope of Cook's EEOC charge including evidence of Warden Bates' May 2008 statements as the statement were not included in her EEOC charge. Cook responds that Bates' comment was not contained in her charge because at the time that she made her EEOC charge Warden Bates had not made the statement and that when Bates made the statement the EEOC was supposed to be investigating her charge. Furthermore, Cook contends that Bates' statement reasonable relates to her EEOC charge and it stems from the allegations of her EEOC charge.

A plaintiff generally cannot bring a claim in an ADEA lawsuit that was not alleged in the EEOC charge, and, while not a jurisdictional requirement, it is a prerequisite with which a plaintiff must comply before filing suit. **Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)**. This requirement is to ensure that the employer has notice about the particular challenged conduct and provides an opportunity for settlement of the dispute. **Id. (citations omitted)**. A plaintiff, however, may proceed on a claim not explicitly mentioned in his EEOC charge "if the claim is like or reasonably related to the EEOC charges, and the claim in the

complaint reasonably could be expected to grow out of an EEOC investigation of the charge." ***Id.* (citing *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551 (7th Cir. 2002) (internal quotations and citations omitted))**. At the very least, the claims should involve the same conduct and implicate the same individuals in order to be considered "reasonably related" to the allegations in the EEOC complaint. ***See Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202-03 (7th Cir. 1996)**. The Seventh Circuit applies a liberal standard in determining if new claims are reasonably related to those claims mentioned in the EEOC charge. ***Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005)**.

The Court agrees with Cook. Warden Bates' May 2008 statement is relevant to the issues in this case and are like or reasonably related to the allegations of discrimination contained in the original EEOC charge. The statements relate to why Cook's caseload was going to be changed another time and are similar to her allegations in her EEOC charge and throughout this case. Thus, the Court denies IDOC's request.

Lastly, IDOC moves in limine to exclude evidence concerning actions taken by the State Employment Retirement Board ("SERS") with regard to Cook's lack of pay during her leave of absence. IDOC argues that the SERS is a separate state entity not within the purview of the IDOC and the evidence should be barred. Cook maintains that just because the SERS is a separate state entity does not make the actions of that agency any different from the IDOC as they both are run by the

State of Illinois. The Court agrees with IDOC. The Court finds that the SERS' decision regarding Cook's pay while she was on leave is not attributable to the IDOC and therefore evidence of such is not admissible. Thus, the Court grants this request.

Next, the Court addresses Cook's motion in limine (Doc. 45). First, Cook moves the Court to exclude any evidence of Cook's compensation once she was forced to retire from the IDOC as that would be a violation of the collateral source rule. The IDOC responds that in ADEA actions, such as this one, courts have discretion to deduct or not deduct payments from an ADEA back pay award and the relevance of the collateral source payments and their scope will not be apparent until after Cook testifies. The Court does not find evidence of Cook's compensation after she retired, payment of medical bills, social security income, pension or retirement income as collateral source. Thus, the Court denies this request.

Second, Cook moves in limine to exclude evidence of problems that Cook had other than her mental and physical problems that she suffered due to work stress from the discrimination of IDOC as that evidence is irrelevant. IDOC argues that this request should be denied as the testimony of Cook's experts is unknown because the depositions have not been completed. The Court grants the motion. The Court excludes evidence of unrelated illnesses or injuries. However, the Court will allow this type of evidence if testimony is elicited from Cook or her medical providers that demonstrate relevance such as aggravation of preexisting conditions.

Accordingly, the Court **GRANTS in part** and **DENIES in part** IDOC's

motion in limine (Doc. 39). Further, the Court **GRANTS in part** and **DENIES in part** Cook's motion in limine (Doc. 45). The Court reminds the parties that this case is set for Final Pretrial Conference on November 19, 2010 at 11:00 a.m.

    **IT IS SO ORDERED.**

    Signed this 21st day of October, 2010.

David R. Herndon
2010.10.21 15:56:29
-05'00'

**Chief Judge**
**United States District Court**