IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS DEPARTMENT OF CORRECTIONS,)<br>)<br>      Defendant. ) | No. 09-CV-133-DRH |

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES respondent, Joanna Belle Gunderson, by and through her counsel, LISA MADIGAN, Attorney General for the State of Illinois, and hereby responds to this Honorable Court's Order to Show Cause, stating:

### I. FACTS

This matter arises in an action alleging a violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*). On February 26, 2010, the deposition of Ann Casey was taken via teleconference by plaintiff's attorney Thomas O. Falb. Counsel for the defendant, Illinois Department of Corrections, was also present. (*See* Exhibit A at pp. 1-2.) Ms. Casey was not subpoenaed, and she appeared voluntarily for the deposition from New Mexico at the request of respondent. *See* Exhibit B. During the deposition, respondent objected and instructed Ms. Casey not to answer certain questions. *See* Exhibit A, pp. 70-72. The Court has ordered respondent to show cause why she should not be held in contempt of court for that instruction.

In addition to representing the Department of Corrections, respondent represented Casey in her deposition. *See* Exhibit A, pp. 6, 8; Exhibit B. Respondent objected repeatedly to intrusive personal questions asked of Casey. *See* Exhibit A, pp. 70-72. Those questions

related to Casey's personal relationships with persons who had nothing to do with the personnel transactions that gave rise to this case. *See* Exhibit A, pp. 70-72. Respondent and her client believed that the deposition was being unreasonably conducted in a manner calculated to annoy or embarrass Casey. *See* Exhibit A, pp. 70-72; Exhibit B. In response to questions about Casey's intimate relationship with a legislator, respondent objected and suggested that the parties call the Court to resolve their dispute. *See* Exhibit A, p. 70. Plaintiff's counsel rejected the suggestion that the parties call the Court. *See* Exhibit A, p. 70. Thereafter, respondent advised her client not to answer certain questions related to her relationship with the legislator. *See* Exhibit A, pp. 70-72.

## II. ARGUMENT

**A.     PLAINTIFF FAILED TO ATTEMPT TIMELY RESOLUTION**

During the deposition of Casey, respondent suggested that the parties contact the Court. This is in accordance with the orders of the Court. Hon. Philip M. Frazier is the Magistrate Judge assigned to this case. The U.S. District Court for the Southern District has a website which includes a web page for Judge Frazier. *See* http://www.ilsd.uscourts.gov/frazier.html (last visited Nov. 18, 2010). On that web page, Judge Frazier addresses discovery disputes and explains that, once a case is at issue, counsel will receive an Order Regarding Discovery. *Id.* On May 5, 2009, the Court entered such an Order in the case at bar:

> ORDER REGARDING DISCOVERY: Discovery disputes which cannot be resolved through informal means pursuant to Federal Rule of Civil Procedure 37 shall be handled in the following manner. The party seeking the discovery shall be responsible for arranging for a prompt telephone conference with the Court and opposing counsel, first by contacting Karen Metheney, Courtroom Deputy to Judge Frazier, at 618-439-7754. If written discovery is involved, the disputed portion(s) shall be faxed to the Court prior

2

to the telephone conference. Motions to Compel discovery and/or for appropriate sanctions shall be presented orally at the telephone conference. Written motions to compel or legal memoranda will not be accepted unless specifically requested by the Court. Expense of the call will be borne by the non-prevailing party. Signed by Magistrate Judge Philip M. Frazier on 5/5/2009. (krm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

Not only does this order require that discovery disputes be settled through conference calls, rather than motions to compel, authority more directly relevant to this case is found in Judge Frazier's standing order. The webpage states: "Disputes which arise during depositions should be addressed immediately via a phone conference. My chambers' number is **(618) 439-7750**." (emphasis in original). In accordance with this provision, respondent suggested that the parties call the Court to resolve their dispute during the deposition. Plaintiff's counsel declined to follow the procedure mandated by Judge Frazier's order.

Respondent is now aware that, under Rule 30 of the Federal Rules of Civil Procedure, it was incorrect for her to have continued with the deposition while instructing the witness not to answer. *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). Subsection (c)(2) of Rule 30 provides in pertinent part that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (West 2010). Subsection (d)(3)(A) of Rule 30 provides in part that, "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A) (West 2010). The correct remedy, as respondent now realizes was to insist on a call to the Court to resolve the

3

dispute or to file a motion to terminate or limit the deposition.

Respondent repeatedly objected or otherwise registered her concern to opposing counsel when his questioning reached into areas the respondent found objectionable. *See* Exhibit A pp. 5-7; 18-21; 61-63; 68-69. Respondent also repeatedly gave opposing counsel the opportunity to explain the relationship of his line of questioning to his client's age discrimination claim so as to possibly assuage her concerns. *See* Exhibit A pp. 5-7; 18-21; 61-63; 68-69. Their dispute ultimately resulted in the following exchange:

> Q: Did you stay at Grandberg's[1] house that night?
>
> MS. GUNDERSON: I'm going to object to that as being personal and irrelevant, and unless you can tell me what the basis is that is relevant to the allegations in this case or would lead to the discovery of admissible evidence in this case, I am inclined to instruct her not to answer.
>
> MR. FALB: Well, because Curtis is good friends with Robert, they are like two peas in a pod, part of that close-knit group, and this witness was part of that close-knit group. And anything she did, Robert knew about and vice versa, and that affected their decision-making process and that affected my client, and it affects her being truthful.
>
> MS. GUNDERSON: I don't see how any of that has anything to do with the age discrimination claims.
>
> MR. FALB: It certainly does, because if I can establish Robert committing perjury, nobody is going to believe him.
>
> MS. GUNDERSON: That's a whole another ball of wax, but I don't see how, whether or not she had a relationship with Kurt Granberg has anything to do with bias. She is not even someone who is an actor in this case.
>
> MR. FALB: She – well, he may be an actor. That's what I'm after. I think definitely he was an actor, so I think I have a right to do it. If you want to say, you know, tell her something that's not privileged, she shouldn't answer, you go ahead and do that, **because I'm going to take it up in front of the judge, Joanna**. That's just not right. You can't do that.

---

[1] The transcript spells the name both as Grandberg and Granberg. The correct spelling is Granberg.

4

>   MS. GUNDERSON: Yes, I can.  If it's personal information that is so far beyond the scope of what this case is about, you don't have a right to just fish around for the sake of fishing, theory or not.  **If you want to call the judge, we can call the judge.**
>
>   MR. FALB: **I'm not calling him right now.**
>
>   MS. GUNDERSON: Then you can file a motion to compel, because I'm not going to let her testify about her personal life that has nothing to do with this case.
>   MR. FALB: This may not even be personal.
>
>   MS. GUNDERSON: She has a right --
>
>   Q: (BY MR. FALB): Ma'am, did you stay at his house, Grandberg's house that night or not?
>
>   MS. GUNDERSON: And again, I'm going to object and instruct her not to answer, because I'm not convinced this has anything relevant to do with this case, and I feel it's way too personal of information.

*See* Exhibit A, pp. 68-70 (emphasis added).

**B.   RESPONDENT'S CONDUCT IS NOT PUNISHABLE AS CONTEMPT**

"Contempt sanctions come in two forms–criminal and civil." *Federal Trade Commission v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009)(hereinafter "*Trudeau I*"). Criminal contempt is punitive to vindicate the authority of the Court. *Id.* The court's criminal contempt power is regulated by statute. *In the Matter of Jafree*, 741 F.2d 133, 135 (7th Cir. 1984).  The Court's statutory power to impose criminal contempt is found at 18 U.S.C. §401 *et seq*.

The procedure for imposing a criminal contempt sanction is set out in Rule 42 of the Federal Rules of Criminal Procedure.  Rule 42(b) allows a court to summarily impose contempt where the contemptuous conduct occurs in the presence of the Court.  This procedure allows a court to take action when the contempt "must be punished on the spot

to maintain the court's authority." *Federal Trade Commission v. Trudeau*, 606 F.3d 382, 386 (7th Cir. 2010)(hereinafter *Trudeau II*), *quoting Mann v. Hendrian*, 871 F.2d 51, 52 (7th Cir. 1989). The power to summarily punish by contempt is limited to cases "in which immediate punishment is essential to prevent demoralization of the Court's authority before the public." *Trudeau II*, 606 F.3d at 386. Summary contempt is only proper when the misconduct occurs in open court, the judge actually observes the misconduct, and the misconduct actually disturbs the business of the court. *Id*. The court should otherwise utilize the procedures in Rule 42(a). *Id.*

Conduct that violates 18 U.S.C. §401 is a crime and generally the normal criminal process should be used to prosecute contempt. *Trudeau II*, 606 F.3d at 385. Rule 42(a) requires elaborate notice, a prosecutor, and a trial. *Trudeau I*, 579 F.3d at 769. Under Rule 42(a), if criminal contempt is contemplated, respondent is entitled to time to prepare a defense. She should also, in accordance with normal criminal procedures, be given time to retain counsel who, unlike the undersigned, is familiar with criminal procedure.

In any event, criminal contempt is inappropriate in this case. Criminal contempt has a scienter requirement and lack of criminal intent may defeat liability. *Securities and Exchange Commission v. McNamee*, 481 F.3d 451, 455-56 (7th Cir. 2007). "Criminal contempt of court is a dark stain on an attorney's record, even when it does not lead to imprisonment or a substantial fine." *United States v. Mottweiler*, 82 F.3d 769, 770 (7th Cir. 1996). "That is among other reasons why a conviction under 18 U.S.C. §401 depends on proof of wilful misconduct." *Id*. *See also Gates v. Hernandez*, 600 F.3d 333, 342 (7th Cir. 2010). In the present case, respondent violated a rule of civil procedure of which she should have been aware. She did not, however, wilfully violate a court order or demean

6

the authority of the Court. In fact, she suggested that the parties contact the Court during the deposition to resolve their dispute and plaintiff's counsel declined that invitation.

Because respondent did not have the mental state necessary for a finding of criminal contempt, the Court should decline to impose such a sanction. Alternatively, respondent requests that she be given notice of the Court's intent to proceed with criminal charges and time to prepare a defense.

**C.     RESPONDENT SHOULD NOT BE HELD IN CIVIL CONTEMPT**

Criminal contempt is punitive to vindicate the authority of the Court. *Trudeau I*, 579 F.3d at 769. Civil contempt, by comparison, is remedial. *Id*. Civil sanctions fall into two categories: to compensate the complainant for losses caused by the contemptuous conduct or to coerce compliance with a court order. *Id*. A coercive sanction must allow the contemnor to purge the contempt and avoid punishment by complying with the court order. *Id*.

In the present case, neither sanction is appropriate. There is no court order at issue and respondent cannot, therefore, be coerced to comply. Furthermore, the questions were posed to a nonparty and the Court cannot force compliance through sanctions upon an attorney. Finally, there is nothing to compel, as Casey has answered the questions posed to her during the deposition through an affidavit attached as Exhibit #2.[2]

Compensatory sanctions are not appropriate as plaintiff has not incurred any legitimate expense. The only expense incurred is the cost of preparing the motion to compel. That motion, however, was filed in violation of Magistrate Judge Frazier's

---

[2]In answering the questions, Casey missed one question which asked whether she had ever been to Granberg's house. The question, is however, answered in the affidavit.

standing order to attempt to resolve deposition disputes through a conference call during the deposition. It is also in violation of the scheduling order entered in this case, which requires that discovery disputes be resolved through conference calls, rather than motions to compel. The expense would not have been incurred, if counsel had complied with these orders.

More importantly, respondent is not guilty of contempt. For a finding of civil contempt, the moving party must establish by clear and convincing evidence that the opposing party violated a court order. *Goluba v. School District of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995). The elements necessary for a finding of civil contempt are that

> (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning that the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*United States Securities and Exchange Commission v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). *See also Trudeau I*, 579 F.3d at 763.

In the present case, there is no court order with which respondent allegedly failed to comply. While respondent recognizes that a deposition subpoena is a court order (*Hyatt*, 621 F.3d at 692-93), in this case, there was no subpoena requiring Casey to appear and answer questions. Rather, she was produced voluntarily. Despite the fact that Casey no longer works for defendant and is not within the subpoena power of the Court, respondent was able to convince Casey to voluntarily submit to a telephone deposition. While Rule 30 prohibited respondent from instructing Casey not to answer questions, Casey was appearing voluntarily and could refuse to answer any questions. Casey could have insisted that the parties travel to New Mexico and serve her with a legitimate

subpoena.

Because civil contempt is a means of enforcing the unambiguous orders of the Court and no order of the Court was violated by respondent in this case, civil contempt is an inappropriate sanction. This Court should discharge the rule to show cause.

### III.  CONCLUSION

While the Court did not specify whether civil or criminal contempt is at issue, neither is appropriate in this case. Respondent violated a rule of civil procedure, but she did not violate an order of the Court or wilfully obstruct the orderly processes of justice. In fact, she attempted to facilitate discovery in this case by convincing the witness to voluntarily appear and suggesting to counsel that the parties call the Court to resolve their dispute during the deposition.

WHEREFORE for the above and foregoing reasons, respondent respectfully requests that this honorable Court discharge the rule to show cause and impose no sanctions.

                      Respectfully submitted,

                      JOANNA BELLE GUNDERSON,
                          Respondent,

                      LISA MADIGAN, Attorney General of the
                      State of Illinois,
                          Attorney for Respondent,

Terence J. Corrigan, #06191237
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706        By: /s/ Terence J. Corrigan
217/782-5819                           TERENCE J. CORRIGAN
    Of Counsel.                         Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BETTY D. COOK,            )
                          )
    Plaintiff,            )
                          )
v.                        )    No. 09-cv-133-DRH
                          )
ILLINOIS DEPARTMENT OF CORRECTIONS,)
                          )
    Defendant.            )

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas O. Falb
tfalb48@yahoo.com

and I hereby certify that on November 19, 2010, I mailed by United States Postal Service the document to the following non-registered participants:

None.

Respectfully submitted,

Terence J. Corrigan, #06191237
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706         By: /s/ Terence J. Corrigan
217/782-5819                             TERENCE J. CORRIGAN
    Of Counsel.                          Assistant Attorney General