IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    No.: 09-cv-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

### FINAL PRETRIAL ORDER

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**I.**    **COUNSEL OF RECORD**

    Plaintiff's Counsel:

    Thomas O. Falb,
    WILLIAMSON, WEBSTER, FALB & GLISSON
    603 Henry Street
    Alton, IL 62002
    (618) 462-1077.

    Defendant's Counsel:

| | |
|---|---|
| Joanna Belle Gunderson | Kelly Choate |
| Assistant Attorney General | Assistant Attorney General |
| 500 South Second Street | 500 South Second Street |
| Springfield, IL 62706 | Springfield, IL 62706 |
| (217) 782-1841 | 217/782-9026 |

**II.**    **NATURE OF THE CASE:**

Plaintiff is a former Correctional Counselor II from the Centralia Correctional Center. Plaintiff filed this matter alleging violation of the Age Discrimination in Employment Act (or "ADEA") and alleges that, starting in December 2006, the

Department began to discriminate against Plaintiff because of her age, 49, in violation of the ADEA. Plaintiff further alleges that this alleged discrimination forced her to retire on June 1, 2008 and after 31 ½ years of service with the Department. Specifically, Plaintiff alleges age discrimination in Defendant's failure to promote Plaintiff, requiring her to perform Correctional Counselor III duties at Correctional Counselor II pay, harassment, discipline and forcing Plaintiff to take unpaid medical leave of absence, and constructive discharge.

The Department denies the allegations that is discriminated against Plaintiff or harassed Plaintiff because of her age in violation of the ADEA and that the Department forced Plaintiff to retire. Defendant contends that Plaintiff did not receive a promotion to Correctional Counselor III because the position was not posted. Defendant further contends that Plaintiff was not forced to perform Correctional Counselor III duties at Correctional Counselor II pay. Defendant also contends that Plaintiff was disciplined as a result of Plaintiff's violation of Department rules, not because of her age. Defendant contends that it did not require Plaintiff to take an unpaid leave of absence and, indeed, approved Plaintiff's leave of absence paperwork. Finally, Defendant contends that it did not force Plaintiff to retire because of her age and that Plaintiff retired of her own free will in May 2008 with 31 ½ years of service.

### III. JURISDICTION

    A.    This is an action for damages.

    B.    The jurisdiction of the Court is not disputed and is pursuant to 28 U.S.C.§ 1331.

### IV. UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties. The parties propose to convey these facts to the jury in the following fashion: the Court will convey the facts to the jury.

1. Plaintiff was born in 1957.

2. Plaintiff started working for the Department in 1976 at the Pontiac Correctional Center.

3. Plaintiff transferred to Centralia Correctional Center ("Centralia") in 1994.

4. Prior to becoming a counselor, Plaintiff's job at the Department was clerical.

5. Plaintiff became a Correctional Counselor I in February 2004.

6. In February 2004 there were 6 Correctional Counselor IIS at Centralia: Sena Landreth, Pamela Alemond, Cindy Keck, Anthony Ballantini, Terri Loepker and Gina Feazel.

7. From February 2004 - March 2006, there was one Correctional Counselor III at Centralia, Alan Sanner, who was responsible for a regular housing unit caseload of inmates as well as orientation of new inmates, approving time off requests for counselors, reviewing work of counselors and providing input into the performance evaluations of the counselors.

8. In February 2004, Plaintiff's supervisor was Assistant Warden of Programs Allan Wisely.

9. In January 2005, Ann Casey was appointed Assistant Warden of Programs at Centralia.

10. In February 2005, Plaintiff received a promotion to Correctional Counselor II.

11. October 2005, Pam Alemond and Cynthia Keck left the counseling department.

12. After Sanner, Ballantini and Loepker left on March 17, 2006, the counseling department at Centralia consisted of three Counselor IIS (Plaintiff, Feazel and Landreth).

13. After March 17, 2006, the work of what had been 6 counselors was divided among the remaining counselors.

14. Since March 17, 2006, there has not been a Correctional Counselor III at Centralia.

15. Since March 17, 2006, there has not been a posting for a Correctional Counselor III at Centralia.

16. In December 2006, Bart Toennies permanently transferred to the counseling department at Centralia as a Counselor II.

17. In January 2007, Deb Brink promoted to Correctional Counselor I at Centralia.

18. From January to July 2007, there were 4 Counselor IIS (Plaintiff, Feazel, Landreth, Toennies) and 1 Counselor I (Brink) at Centralia.

19. Discipline that is "progressive" follows a list proscribed in the collective bargaining unit which sets forth what discipline should be imposed based upon what discipline came before.

20. On March 19, 2007, Plaintiff made an entry into the C.H.A.M.P.S. system for inmate Cobb.

21. On May 10, 2007, Plaintiff received a written reprimand (reduced to counseling pursuant to a grievance resolution) as discipline for making an inappropriate C.H.A.M.P.S. entry.

22. In April 2007, Plaintiff failed to log contacts for more than 60 inmates on her caseload.

23. On May 10, 2007, Plaintiff received a one day suspension (reduced to an oral reprimand pursuant to a grievance resolution) as discipline for failing to see 61 inmates on her caseload within the required 90 days.

24. On April 24, 2007, Plaintiff approved a visitor list for inmate Williams which included as a potential visitor Molly McClendon.

25. On June 15, 2007, Plaintiff received a three-day suspension as discipline for approving an inmate's visitor list which contained a victim of that inmate as a visitor.

26. On May 8, 2007 and May 9, 2007, incident reports were written which alleged that Plaintiff was not classifying her inmates in a timely manner.

27. On June 8, 2007, the allegations that Plaintiff was not classifying inmates in a timely manner were dropped and Plaintiff received no discipline.

28. In May 2007, Casey performed a performance evaluation of Plaintiff for 2006-2007 which was later expunged pursuant to a grievance.

29. On June 7, 2007, Plaintiff sent an email to Deb Gordon requesting that she change information in the C.H.A.M.P.S. system for a list of inmates.

30. On August 9, 2007, Plaintiff received a five-day suspension as discipline for going outside the chain of command when she sent the June 7, 2007 email.

31. On August 9, 2007, Plaintiff received a ten-day suspension (expunged pursuant to a grievance resolution) for attempting to falsify a department record when she sent the June 7, 2007 email.

32. In July 2007, Ann Casey resigned as Assistant Warden of Programs and left the Department's employ.

33. Plaintiff had no contact with Casey after June 26, 2007.

34. During the time between when Casey resigned and a new Assistant Warden was appointed, Julius Flagg, Assistant Warden of Operations at Centralia, acted as the supervisor over the counseling department.

35. After Casey left, Plaintiff went on a leave of absence from Centralia starting August 20, 2007.

36. Plaintiff returned from leave of absence on November 14, 2007.

37. On November 20, 2007, Assistant Warden Julius Flagg performed a performance evaluation of Plaintiff for 2006-2007 as required by a grievance resolution.

38. In January 2008, Stacy Burton became a counselor.

39. Plaintiff submitted her intent to retire on May 15, 2008.

40. Plaintiff retired from the Department on June 1, 2008.

41. The following were Counselors at Centralia Correctional Center from January 2004 through June 2008:

| Name | Year of Birth | Hired by DOC | Started as Counselor |
| --- | --- | --- | --- |
| Betty Cook | 8/25/57 | 1976 | 2004 |
| Alan Sanner | 1955 | 1980 | 1993 |
| Pamela Alemond | 1957 | 1980 | 1995 |
| Sena Landreth | 1955 | 1981 | 1981 |
| Terri Loepker | 1960 | 1981 | 1998 |
| Anthony Ballantini | 1959 | 1983 | 2000 |
| Cynthia Keck | 1967 | 1985 | 1999 |
| Gina Feazel | 1966 | 1999 | 2004 |
| Bart Toennies | 1971 | 1994 | 2001 |
| Deb Brink | 1957 | 1982 | 2007 |
| Brandon Risse | 1974 | 1999 | 2007 |
| Stacy Burton | 1968 | 1988 | 2008 |

**V.     AGREED TO ISSUES OF LAW**

The parties agree that following represents some issues that will have to be addressed by the Court. Some of these issues, however, incorporate questions of fact to be decided by a jury:

1.  **Age Discrimination. The parties agree that the following are the allegations of age discrimination at issue in this matter:**

    A.  Whether but for her age, Plaintiff would have been promoted by the Department of Correctional Counselor III.

    B.  Whether but for her age, Plaintiff would have received Correctional Counselor III pay for her Correctional Counselor duties at Centralia.

    C.  Whether but for her age, Plaintiff would have been disciplined for the March 19, 2007 C.H.A.M.P.S. entry regarding inmate Cobb.

    D.  Whether but for her age, Plaintiff would have been disciplined for the April 2007 failure to log inmate contacts into C.H.A.M.P.S.

    E.  Whether but for her age, Plaintiff would have been disciplined for the April 24, 2007 approval of the visitor list for inmate Williams.

    F.  Whether but for her age, Plaintiff would have been disciplined for the June 7, 2007 email from Plaintiff to Deb Gordon.

    G.  Whether but for her age, Plaintiff's leave of absence in 2007 would have been paid.

2.  **Constructive Discharge. The parties agree that the following is an allegation of constructive discharge due to age discrimination at issue in this manner:**

  A. Whether but for her age, Plaintiff would have been forced to retire in May 2008.

## VI. WITNESSES

  A. List of witnesses the Plaintiff expects to call, including experts.

    1. Plaintiff has no retained expert witnesses.

    The non-retained experts would be the treaters:

     Tim Monken, a therapist;

     Dr. Nameni, a neurologist;

     Dr. Agnes Boehning, Plaintiff's primary medical doctor assumed to be an internist or family physician.

    2. Non-expert Witnesses:

    Plaintiff Betty Cook

    Doyle Cook

    Brandon Risse

    Al Sanner

    Terri Loepker

    Anthony Ballantini

    Gina Feazel

    Bart Toennies

    Sena Landreth

Cindy Nowlin

Ty Bates

Billy Jo Bryan

Lt. Jerry Mills

Stacy Burton

Pat Rensing

Pam Alemond

Cynthia Keck

Al Wisely

Bradley Robert

Kim Atchison

Michelle Taphorn

Julius Flagg

Mark Beckman

Kurt Grandberg

Ken Bartley

Ann Casey

Legislator Madigan

Plaintiff reserves the right to call Defendant's witnesses.

B.  List of witnesses defendant expects to call, including experts:

Warden Bradley J. Robert

        Assistant Warden Julius Flagg

        Assistant Warden Ty Bates

        Ann Casey (by deposition)

        Gina Feazel

        Bart Toennies

        Michelle Taphorn

        Mark Beckman

        Kim Atchison

        Alan Sanner

        Allan Wisely

        Terri Loepker

        Anthony Ballantini

In addition to the above, Defendant reserves the right to call as a witness any of the persons on Plaintiff's witness list.

C.    Rebuttal Witnesses. The Plaintiff may call rebuttal witnesses and the Defendant may call sur-rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VII. EXHIBITS:

The Parties' exhibits stipulations are attached hereto.

## VIII. DAMAGES:

A.    Plaintiff claims to be entitled to the following damages:

1. Pain and suffering, loss of enjoyment of life;

2. Economic Losses (wage, benefits):

    a. Pay difference for doing job duties of Correctional Counselor III for 15 months 3/21/06 - 5/11/07; $3,822.00;

    b. Lost wages for suspension days: 3 day 6/25, 26, 27/07 equals $636.15; and 5 day - 8/20, 21, 22, 23, 24/07 equals $1,092.00; TOTAL = $1,728.00;

    c. Lost wages due to denial of doctor ordered leave of absence 8/20/07 - 11/13/07 equals $6,334.00.

    d. Non-payment of state paid insurance benefit for October and November 2007 equals $386.12;

    e. Amount shorted Plaintiff's paycheck shorted from June '07 - November '07 equals $5,180.86;

    09/14/07 - $   613.09;

    09/30/07 - $1,074.34;

    10/15/07 - $   605.49;

    10/31/07 - $    71.46;

    11/15/07 - $1,155.70;

    11/30/07 - $1,154.02;

    12/15/07 - $    16.80;

    f. Yearly salary of Correctional Counselor II from June 2008 until projected retirement date of 12/31/2011 equals $230,376.00; this is with cost of living percentages and annual step raises for continued service figured in.

    2008 = $32,744.00;

    2009 = $59,708.00;

    2010 = $65,782.00;

    2011 = $72,112.00;

    BENEFIT PAY FOR VACATION DAYS UNTIL 12/31/11

    25 PER YEAR

    2008 = $4,330.39;

    2009 = $6,090.00;

    2010 = $6,453.75;

    2011 = $6,712.50

    BENEFIT PAY FOR SICK DAYS UNTIL 12/31/11

    12 PER YEAR

    2008 = $2,808.50;

    2009 = $2,923.20;

    2010 = $3,097.80;

    2011 = $3.222.00

3. Medical bills.

        4.       Attorneys' fees, liquidated damages, costs and interest

    B.    Defendant denies that Plaintiff is entitled to any damages in this matter. Defendant further denies that the amounts set forth in Plaintiff's damage calculations are proper. In addition, Defendant objects to Plaintiff's claims for Medical Bills as damages for medical bills had not been previously disclosed, nor is there any calculation provided for these damages. Defendant further objects to Plaintiff's claims for liquidated damages as recovery of liquidated damages against the State is against public policy.

**IX.**    **BIFURCATED TRIAL:**

The parties have agreed that a bifurcated trial is not necessary.

**X.**    **TRIAL BRIEFS:**

Trial briefs should be filed fourteen (14) days prior to the trial date set by the Court. The briefs should address any difficult factual or evidentiary issues and set forth each party's theory of liability or defense.

**XI.**    **LIMITATIONS, RESERVATIONS AND OTHER MATTERS:**

    A.    **Trial date:** Trial is set for the week of May 23, 2010.

    B.    **Length of Trial:** The probable length of trial is five days. The case will be listed on the trial calendar to be tried when reached.

        **Mark Appropriate Box:**    JURY . . . . . . . . . __X__

                                         NON-JURY . . . . _____

    C.    **Number of Jurors.** A jury of twelve (12) will be selected unless an insufficient panel is available, then no less than six (6) will be selected.

    D.    **Voir Dire.**  The Court will conduct the preliminary voir dire.  Participation by counsel may be permitted.  Any voir dire questions which counsel specifically want asked by the Court shall be provided to the Court prior to the panel being seated in the courtroom.

    E.    **Motions in Limine.**  Defendant filed its Motions in Limine on September 27, 2010.  Plaintiff's responses, if any, shall be filed within ten (10) business days.  Similarly, Plaintiff filed her Motions in Limine on September 28, 2010.  Defendant's responses, if any, shall be filed within ten (10) business days.

    F.    **Jury Instructions.**  The parties must submit jury instructions by 9:00 a.m. on the first day of trial.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: November 29, 2010

David R. Herndon
2010.11.29 12:27:24
-06'00'

CHIEF JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

  s/ Thomas O. Falb
ATTORNEY FOR PLAINTIFF

  s/ Joanna Belle Gunderson
ATTORNEY FOR DEFENDANT