IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) No.: 09-cv-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) |
|     Defendant. | ) ) |

**PLAINTIFF'S TRIAL BRIEF**

Now comes Plaintiff, by and through her attorney, Thomas O. Falb, of the law offices of Williamson, Webster, Falb & Glisson, and files the following Trial Brief to address difficult factual or evidentiary issues that Plaintiff's attorney anticipates.

**I.**  **Use of the terms "retire" or "seniority" is similar to using the word "age".**

"Prodding" older workers to voluntarily retire can be deliberate discrimination. _Finnegan vs. TWA_, 967 Fed. 2d 1161 (7th Cir., 1992). Comments about retirement by a supervisor can infer discrimination. _Kaniff vs. Allstate_, 121 Fed. 3d 258 (7th Cir., 1997). _Greenberg vs. Union Camp Corp._, 48 Fed. 3d 22 (1st Cir., 1999).

A comment such as "too many years on the job" is a discriminatory comment. _Laugesen vs. Anaconda Company_, 510 Fed. 2d 307 (6th Cir., 1975). The term "seniority" is inexorably linked with age and is not viewed as a separate factor is a discrimination case. _EEOC vs. City of Altoona_, 723 Fed. 2d 4 (3rd Cir., 1983). _Wheeldon vs. Monon Corporation_, 946 Fed 2d 533 (7th Cir., 1991).

## II. Constructive discharge.

It is anticipated that the Defendant may argue that the job environment was not intolerable, especially for the last six months of Plaintiff's employment; that Plaintiff did not resign in November, 2007 and, instead, had returned from a leave of absence and afterwards she was under a different Assistant warden, Ty Bates; that Ty Bates did not treat her like she was treated by Ann Casey and Plaintiff did not decide to retire until May, 2008 because Assistant Warden, Ty Bates, decided to change her assignment.

Whether Plaintiff was constructively discharged is a question of fact for the jury. Plaintiff had been criticized, disciplined and scrutinized by the Defendant because of her age, causing her to go on stress leave, essentially because of a nervous breakdown due to hypertension and migraines. When she returned from medical leave, she was still on medication for stress and that medication allowed her do her job. Upon return from her medical leave, the Defendant once again changed her caseload.

Then, in May, 2008, when two younger counselors (Brandon Riese and Gina Feazel) were having a conflict, Plaintiff's job assignment was going to be changed again. This would be a new set of 400 new inmates. This was going to be the "same old" experience that caused Plaintiff to have her earlier stress leave.

A jury could find that a reasonable employee would find this unbearable. _Fischer vs. Avanade, Inc._, 519 Fed. 3d 393 (7th Cir., 2008). Certainly, Plaintiff could argue that the constructive discharge occurred due to one or both of the accepted forms accepted by _Fischer_. First, that the environment was intolerable, forcing Plaintiff to leave; second, the employer was acting in a manner

that a reasonable employee would understand that this meant the Defendant was going to get rid of her, forcing the Plaintiff to anticipatorily resign.

### III. Discrepancy of Age.

It is anticipated that Defendant may argue that while Bart Toennies was not in the protective class (being under 40), that Gina Feazel was part of the protected class and, therefore, Plaintiff cannot cite her as a comparable younger person, not being discriminated against.

However, Gina Feazel was not part of the protected class in January, 2004, when Warden Robert took over. At that time, Gina Feazel was 38 years of age while Plaintiff was 47 years of age with a difference in seniority of 23 years between the two.

The cases have recognized that the magic year of 40 years of age is not dispositive. The question is whether there is a substantial discrepancy in the age. *Bennington vs. Caterpillar, Inc.*, 275 Fed 3d 654 (7th Cir., 2001).

Here, Defendant will admit that the differential in age between the Plaintiff and Feazel was 9 years. This may not be presumptively substantial but the evidence will be such that the Defendant considered Plaintiff's age to be significant. The Defendant was out to get Plaintiff to retire so as to provide Feazel and Toennies with better opportunities.

### IV. Collateral Source.

This matter was addressed in Cook's Motion in Limine (doc. 45). Cook had moved to exclude evidence of Cook's compensation when she was forced to retire from the IDOC. The Court held that Plaintiff's retirement, social security income, pension or retirement income is not collateral source and denied Cook's request.

Plaintiff suggests to this Court that Plaintiff's compensation after she retired, her retirement income and/or any social security income is, in fact, collateral source. The purpose of the collateral source rule is "not to prevent the Plaintiff from being over compensated but rather to prevent the tort feasor from paying twice." *Perry vs. Larson*, 794 Fed. 2d 279 (7th Cir. 1986). *Flowers vs. Komatsu Mining Systems, Inc.*, 165 Fed. 3d 554 (7th Cir. 1999).

Thus, in this case, the question is the source of the funds at issue. If the employer is the source, then the funds can be deducted from the award.

Plaintiff submits that Plaintiff is the source of the funds. She is the one that worked for over 30 years in order to get the retirement funds. If Plaintiff had not worked that number of years, there would be no retirement funds.

Funds supported in part, but not entirely, by contributions from the defendant are generally considered collateral. In *EEOC vs. O'Grady*, 857 Fed 2d 383 (7th Cir. 1968), the court held that even if the Defendant makes contributions to a fund, but not entirely, it is still a collateral source. There should not be a set-off of pension and unemployment benefits against back pay awards under Title VII or Age Discrimination in Employment Act. The Court noted the cases in the third circuit that had a flat rule forbidding the set-off of pension and unemployment benefits. In those cases, the employer contributed to both forms of benefits (pension and unemployment). In *O'Grady*, the court held that it was not an abuse of discretion for the trial court not to consider these benefits as set-offs.

Thus, Plaintiff requests this Court to reconsider and hold that the post termination benefits of Plaintiff are, in fact, collateral source.

If the Court is to maintain that these benefits are, in fact, not collateral source, Plaintiff suggests to the Court that the amount of the benefits not be disclosed unless and only if the Defendant can prove the amounts of the benefits and the sources of said payments. Plaintiff suggests that Plaintiff's retirement funds and the exact amounts are affected by the fact that Plaintiff had elected certain social security benefits - - that would cause her to increase her to increase her benefits immediately upon retirement but would decrease her social security benefits when she reached an age such as 66. The figures and calculations would be calculated and if the Court is going to allow evidence of this in front of a jury, then the Defendant should bear the burden of proof of calculating and proving to this Court, by evidence of the effect of social security on the retirement benefits, as well as the effect later on in Plaintiff's life, in specific numbers as to reduction of social security benefits. If Defendant cannot show this, then this evidence should not be allowed in front of a jury.

## V. Method of Reading Casey's Deposition.

Ann Casey refuses to come from New Mexico to this Court to testify. Therefore, Defendant has indicated that it will be reading Casey's deposition.

Plaintiff desires to read portions of Casey's deposition also.

The deposition is long and probably would put a jury to sleep.

Therefore, it is suggested that in Plaintiff's case in chief, Plaintiff's excerpt's be read and then, during Defendant's case in chief, Defendant's excerpts of Casey's deposition be read.

## VI. Adverse Employment Action.

Plaintiff suggests that Plaintiff suffered numerous material, adverse changes in her employment. A material adverse change can be indicated by the termination of employment, a

demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibility, or other indices that might be unique to a particular situation. *Crady vs. Liberty National Bank & Trust of Indiana*, 993 Fed 2d 132 (7th Cir. 1993).

The Seventh Circuit has identified three different types of discrimination that can support a Title VII claim. The first category are those in which the plaintiff's compensation, fringe benefits or other financial terms of employment are diminished. The second category is where there is a nominal lateral transfer with no change in financial terms but there is a significant reduction in the employee's career prospects by preventing him or her from using the skills in which he has trained and experience so that the skills are likely to atrophy and his career in likely to be stunted.

The third category is where the employee is not moved to a different job or the skill requirements of the present job are not altered but the conditions are such that the Plaintiff is forced to work in a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment. *Herrnreiter vs. Chicago Housing Authority*, 315 Fed. 3d 742 (7th Cir. 2002).

Plaintiff suggests that Plaintiff suffered in all three categories. Plaintiff suffered discipline causing her to lose wages because she was forced to leave her employment because of days ordered off. Next, Plaintiff was forced to take sick leave because of the harassing work conditions causing her to lose money during the sick leave time. Plaintiff suffered an accumulation of discipline which went on her record and affected her ability to transfer, would ultimately cause her to be fired and lose

benefits and would affect her ability to get a job in the future outside of this particular workplace.

In the second category, the Plaintiff was not allowed to use her skills that she had acquired because Plaintiff was forced to have a change in assignments on multiple occasions forcing her to relearn hundreds of inmates' files at a time. Plaintiff was also doing a substantial amount of Counselor III duties (along with her Counselor II duties). Ann Casey had originally given her that job and, once Ann Casey started harassing her because of her age, Casey refused to pay Plaintiff for doing Counselor III duties.

In the third category, Plaintiff was subjected to a totality of circumstances that amounted to a "hostile workplace" so that no reasonable person would be able to tolerate working in those conditions.

**VII    Test for Directed Verdict.**

The test for directed verdict is "that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict". *Brady vs. Southern Railroad Company*, 320 U.S. 476 (1943). *Bill Johnson's Restaurants, Inc. Vs. NLRB*, 461 U.S. 731 (1983).

BETTY D. COOK, Plaintiff

BY:    s/s Thomas O. Falb
       THOMAS O. FALB - #00768804
       Williamson, Webster, Falb & Glisson
       603 Henry Street.
       Alton, IL 62002
       618-462-1077
       618-462-1080 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system which will send notification of such filings to the following:

Joanna Belle Gunderson, AAG
500 South Second Street
Springfield, IL 62706
Attorney for the Defendant Illinois Department of Corrections

                                             s/s Thomas O. Falb
                                             THOMAS O. FALB - #00768804
                                             Williamson, Webster, Falb & Glisson
                                             603 Henry Street.
                                             Alton, IL 62002
                                             618-462-1077
                                             618-462-1080 (fax)