IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| Plaintiff, | ) |
| -vs- | )  No. 09-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S TRIAL BRIEF**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("Department"), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and responds to two points made in Plaintiff's Trial Brief as follows:

**I. INTRODUCTION**

Plaintiff brings this action alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §621 *et seq*.)  Plaintiff alleges that, starting in December 2006, the Department began to discriminate against Plaintiff because of her age, 49, in violation of the ADEA. *See* Compl. at ¶ 3.  Plaintiff further alleges that as a result of this alleged discrimination she was forced to retire on June 1, 2008.  *See* Compl. at ¶ 8.  On September 28, 2010 Plaintiff filed her motions in limine with the Court.  *See* Docket Entry No. 45.  The Court issued its order granting in part and denying in part Plaintiff's Motions on October 21, 2010  *See* Docket Entry No. 48.  This matter is set for trial May 23-25, 2011.

## II.  ARGUMENT

### A.  Plaintiff's Motion to Reconsider This Court's Ruling Regarding the Collateral Source Rule Should be Denied

Plaintiff cites to no newly issued law or intervening legal precedent which warrants reconsideration of this issue. The Plaintiff simply asks this Court to reconsider the same motion that was before the Court last Fall. *See* Docket Entry No. 45. Plaintiff cites to no rule under which he seeks reconsideration. Assuming that the motion is made pursuant to Rule 60(b), Plaintiff fails to meet the requisite factors set forth in 60(b) because Plaintiff cites to no new evidence, precedent, fraud, or other reason that this Court's Order is void or otherwise reversible. *See* FED. R. CIV. PRO. 60(b). As such, Plaintiff's motion for reconsideration should be denied.

Moreover, Plaintiff's request that the burden be shifted to the Defendant to prove certain facts about Plaintiff's retirement contributions prior to using that information is without merit. Here, the issues have not changed since Plaintiff's Motion in Limine was filed. One of the key issues is still whether Plaintiff retired earlier than planned. Evidence of the Department's retirement program, and specifically the point in time that employees maximize their benefits may be relevant to explain testimony of witnesses and rebut assertions by Plaintiff that she planned to retire in 2011. In addition, evidence of when Plaintiff's retirement payments would have surpassed her working take-home pay may be relevant to rebut assertions by Plaintiff regarding her choice of time for retirement. This kind of evidence is admissible. *See Lawson v. Trowbridge*, 153 F.3d 368, 380 (7th Cir. 1998) (allowing evidence of collateral source payments to impeach testimony of financial strain); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 760 (7th Cir. 1994) (holding evidence that worker retired with full pension benefits was admissible over collateral source objection to impeach worker's

testimony); *see also Cowens v. Siemens-Elema AB*, 837 F2d 817, 824 (8th Cir. 1988) (recognizing that "a [party's] testimony on direct examination may make evidence of payments from a collateral source relevant and necessary for purposes of rebuttal" and holding evidence of plaintiff's workers compensation settlement to be relevant and admissible). Indeed, "once [evidence of collateral source payments] has been established as relevant, the District Court has broad discretion in determining whether its probative value outweighs possible prejudice. *See Brandt v. Vulcan*, 30 F.3d at 760. That is the standard for admission and there is no basis to require the Defendant to prove some specific amount of social security withholding prior to this evidence being put before the jury. Indeed, Courts have discretion to deduct or not deduct payments from an ADEA back pay award directly, even where the source of those payment is collateral. *See EEOC v. O'Grady*, 857 F.2d 383, 390 (7th Cir. 1988); *accord Flowers v. Komatsu Mining Sys., Inc.*, 165 F.3d 554, 558 (7th Cit. 1999). Moreover, to the extent that Plaintiff asserts financial hardship, evidence of Plaintiff's retirement benefits may be relevant and admissible. Aside from relevance, there is no other threshold requirement to Defendant presenting this evidence. As such, Plaintiff's motion to reconsider should be denied and Plaintiff's request to shift the burden to Defendants to prove the source of Plaintiff's retirement benefits should likewise be denied.

      **B.**    **Former Warden Casey's Deposition Should be Read All Together**

As set forth at the final pre-trial conference, former Warden Casey is not available for trial and will testify by way of deposition. Plaintiff has requested that her testimony be broken into two parts in order to keep the jury's attention. However, because both parties seek to read extensive portions of the deposition, many of which overlap, and due to the importance of Ms. Casey's testimony to both cases, the Defendant has informed Plaintiff that we intend to bring an uninvolved

person to trial in order to read Ms. Casey's answers as if it were live testimony. Plaintiff has not expressed any objection to this arrangement. Indeed, Defendant believes it would be helpful to the jury to have someone read for Ms. Casey so that it is clear what the testimony is. Defendant further suggests that all of the deposition be read at once in order to avoid confusion and duplication. Plaintiff requests that some portions be read in his case, and some in the Defendants case. The issue with this approach is twofold. First, the deposition being read was taken by Plaintiff's counsel, Mr. Falb. As such, the vast majority (indeed, 225 of the 236 total deposition pages) of the questions were posed by Plaintiff's counsel. Consequently, a large portion of what the Defendant wants read to the jury is actually Mr. Falb's questioning of Ms. Casey. It would be confusing to the jury to have anyone other than Plaintiff's counsel present these questions. If the testimony were to be split between the two cases, it would result in Plaintiff's counsel essentially presenting a witness during the Defendant's case in chief. Defendant sees no way to avoid this because having defense counsel read Plaintiff's counsel's questions would be misleading and confusing.

     The second issue is that if the testimony were to be presented piecemeal there would necessarily be duplication. It is unlikely that the two portions of testimony could be presently independently without any duplication. This would result in testimony which is disjointed and hard to follow. This would not be fair to either party or the jury. In order to avoid this, there would necessarily have to be some testimony presented twice just to make it easy for the jury to follow. This could result in a lot of duplication, and in the interest of judicial economy, should be avoided. For these reasons, Defendant respectfully suggests that the agreed portions of Ms. Casey's deposition be read all at once with Plaintiff's counsel reading the questions he posed, and Defense counsel

reading questions she posed. This will most accurately reflect the testimony and benefit judicial economy by avoiding confusion and duplication.

### III. CONCLUSION

For these reasons, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully requests that Plaintiff's motion for reconsideration be denied and that Ms. Casey's testimony be read to the jury as a complete presentation and not piecemeal as suggested by Plaintiff.

                                Respectfully submitted,

                                ILLINOIS DEPARTMENT OF
                                CORRECTIONS,

                                Defendant,

                                LISA MADIGAN, Attorney General,
                                State of Illinois

Joanna Belle Gunderson                     Attorney for Defendant,
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706                    By: **/s/ Joanna Belle Gunderson**
(217) 782-1841                                     JOANNA BELLE GUNDERSON
Of Counsel.                                           Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     -vs- | )  No.  09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

### CERTIFICATE OF SERVICE

I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on May 12, 2011 I electronically filed the foregoing Defendant's Response to Plaintiff's Trial Brief with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record for Plaintiff:

Thomas O. Falb
tfalb48@yahoo.com

Respectfully submitted,

/s/Joanna Belle Gunderson
Joanna Belle Gunderson # 6286292
Attorney for Defendant
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us