IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK,  )  )   Plaintiff,  )  )  -vs-  )  ILLINOIS DEPARTMENT  )  OF CORRECTIONS,  )  )   Defendant.  )  ) | No. 09-133-DRH |

**DEFENDANT'S TRIAL BRIEF**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("Department"), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Trial Brief states as follows:

## I. INTRODUCTION

Plaintiff brings this action alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §621 *et seq*.) Plaintiff alleges that, starting in December 2006, the Department began to discriminate against Plaintiff because of her age, 49, in violation of the ADEA. *See* Compl. at ¶ 3. Plaintiff further alleges that as a result of this alleged discrimination she was forced to retire on June 1, 2008. *See* Compl. at ¶ 8. This matter is set for trial May 23-25, 2011 pursuant to this Court's November 29, 2010 Final Pre-Trial Order.

## II.  ARGUMENT

A.  **DISCRIMINATION UNDER THE ADEA**

   1.  *Defendant's Alleged Conduct Was Not Because of Plaintiff's Age.*

To succeed on an ADEA claim, a plaintiff must establish that she would not have received adverse treatment ***but for*** her employer's intentional age-based discrimination.  *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009) ("a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."); *accord Harris v. v. Franklin-Williamson Human Servs., Inc*, 97 F. Supp. 2d 892, 904 (S.D. Ill. 2000) (citations omitted).  Plaintiff will be unable to show that any of the Defendant's actions were because Plaintiff was over the age of 40 years.  In addition, Plaintiff will be unable to show that any other factor, including seniority, is sufficiently correlated to the employee's age such that age is the true motivating factor.  *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993) ("Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say a decision based on years of service is necessarily 'age based.'")

In addition, Plaintiff may allege that the Defendant's actions were motivated or biased by partisan politics and/or Ms. Casey's personal, sexual, relationship with Representative Grandburg.  Prior to presentation of these topics in opening statements, Defendant respectfully requests that an offer of proof be made to this Court so that a determination as to the foundation for this evidence and its relevance to the Plaintiff's ADEA claims can be made.

   2.  *There is No Similarly Situated Person.*

A person is considered to be similarly situated when she is directly comparable in all material respects.  *See Herron v. Daimler Chrysler Corp.*, 388 F.3d 293, 300 (7th Cir. 2004).  "[I]n

disciplinary cases – in which a plaintiff claims that [she] was disciplined by [her] employer more harshly than a similarly situated employee based on some prohibited reason–a plaintiff must show that [she] is similarly situated with respect to performance, qualifications, and conduct." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000) (citations omitted). In this case, it is alleged that Gina Feazel and Bart Toennies are similarly situated to Plaintiff. Plaintiff will be unable to prove that either Feazel or Toennies are similar to her with respect to their performance, qualifications, and conduct. Plaintiff will also be unable to prove that either Feazel or Toennies were treated more favorably than Plaintiff because of their age.

In addition, "Where both the plaintiff and those allegedly favored over [her] are within the same protected class, 'the prima facie case under the ADEA require[s] a sufficient disparity in ages.'" *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001) (citations omitted). Where the age difference between the plaintiff and the individual treated more favorably is less than ten years, "the plaintiff still may present a triable claim if [she] directs the court to evidence that [her] employer considered [her] age to be significant." *Bennington*, 275 F.3d at 660 (citations omitted); *see also Harris*, 97 F. Supp. 2d at 905. Here, Plaintiff and Gina Feazel are both within the protected class. Plaintiff will be unable to show that the 9-year age difference between Feazel and herself was viewed as significant by the Department.

**B.** **HOSTILE WORK ENVIRONMENT**

    *1.*    *Defendant's Conduct Was Not Objectively Hostile Because of Age.*

A workplace is considered a hostile work environment where the harassment is sufficiently "severe or pervasive to alter the conditions of employment and create an abusive working

environment." *Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir.2005). The workplace must be both subjectively and objectively offensive because of the discriminatory animus. *See Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir.2003). A workplace is subjectively offensive when the plaintiff actually perceives it as such; it is objectively offensive when a reasonable person would find it hostile or abusive. *See Ezell*, 400 F.3d at 1047–48.

"General hostility and comments do not qualify as actionable adverse employment actions unless the hostility was severe and pervasive." *See Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). While the "supervisor's comments may have created an 'unpleasant' environment, these comments were not so severe and pervasive as to be actionable" as a hostile work environment. *Id.* at 829-830. In this case, Plaintiff will not be able to prove that Defendant's conduct was because of her age. In addition, Plaintiff will not be able to prove that any intent on the part of Ann Casey was shared with or connected to any conduct by Brad Robert or Ty Bates.

      2.     ***Plaintiff Was Not Compelled to Retire.***

In order to state a claim for constructive discharge, plaintiff must prove her working conditions were so intolerable that a reasonable person would have been compelled to resign. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001); *Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir. 1996) (citations omitted). In so doing, the plaintiff must show that the working conditions were more than merely intolerable; they must have been intolerable because Plaintiff was over the age of 40 years. *Id*. In this case, Plaintiff alleges that she was forced to retire when Warden Bates proposed an assignment change in Plaintiff's duties. This proposal came nearly six months after Plaintiff had returned from medical leave, and nearly ten months after Ann Casey left the

4

Department's employ. Plaintiff will be unable to show that Warden Bates actions were because Plaintiff was over the age of 40 years. Plaintiff will be unable to show any continuity between the actions of Ann Casey and those of Warden Bates. Finally, Plaintiff will be unable to show that her working conditions under Warden Bates were intolerable, or that the actions of Warden Bates compelled her to resign.

### C. DAMAGES

#### 1. *Pain and Suffering and Punitive Damages Not Available.*

Under the ADEA, a plaintiff may recover monetary damages in the form of back pay and, in certain circumstances, equitable relief such as reinstatement or front pay. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (citing *Comm'r v. Schleier*, 515 U.S. 323, 336 (1995); *Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1141 (7th Cir.1994)); *see also* 29 U.S.C.A. § 626(b). Plaintiff may not, however, recover money damages for pain and suffering, nor may she obtain punitive damages. *See id.* (citing *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 687-88 (7th Cir.1982)). Plaintiff seeks recovery for pain and suffering, loss of enjoyment of life, economic loss of wages and benefits, front pay, medical bills, attorney's fees, liquidated damages, costs, and interest. *See* Final Pre-Trial Order at VIII. Defendant generally objected to these damages. *See id*. Indeed, case precedent demonstrated that the ADEA does not provide Plaintiff with a remedy for pain, suffering, or loss of enjoyment of life. As such, Defendant is entitled to judgment as to Plaintiff's damages claim for pain, suffering, and loss of enjoyment of life.

#### 2. *Liquidated Damages are Only Available for Willful Violation of the ADEA.*

Liquidated damages are only available if the jury finds that the Defendant willfully violated the ADEA. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 616 (1993); *Pfeiffer*, 682 F.2d at 686; *see*

*also* 29 U.S.C.A. § 626(b).  The amount of liquidated damages is the equivalent of the back wages awarded to Plaintiff.  *See* 29 U.S.C. § 626; 29 U.S.C. § 216(b).  Consequently, it is only in the instance that the jury enters a verdict for Plaintiff **and** finds the Defendant's conduct willfully violated the ADEA that liquidated damages should be assessed.

### III.  CONCLUSION

For these reasons, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully requests that this honorable Court enter judgment in its favor.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General, State of Illinois

Joanna Belle Gunderson
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-1841
Of Counsel.

Attorney for Defendant,

By:  /s/ **Joanna Belle Gunderson**
JOANNA BELLE GUNDERSON
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on May 17, 2011 I electronically filed the foregoing Defendant's Trial Brief with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record for Plaintiff:

                            Thomas O. Falb
                          tfalb48@yahoo.com

                          Respectfully submitted,

                          **/s/Joanna Belle Gunderson**
                          Joanna Belle Gunderson # 6286292
                          Attorney for Defendant
                          Assistant Attorney General
                          500 South Second Street
                          Springfield, IL  62706
                          Telephone:  (217) 782-1841
                          Facsimile:  (217) 524-5091
                          jgunderson@atg.state.il.us