IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 09-133-DRH |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO
MOTION FOR A PROTECTIVE ORDER**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("Department"), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and responds to Plaintiff's Motion for a Protective Order as follows:

**I. INTRODUCTION**

Plaintiff brings this action alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §621 *et seq*.) Plaintiff alleges that, starting in December 2006, the Department began to discriminate against Plaintiff because of her age, 49, in violation of the ADEA. *See* Compl. at ¶ 3. Plaintiff further alleges that as a result of this alleged discrimination she was forced to retire on June 1, 2008. *See* Compl. at ¶ 8. This matter is set for trial May 23-25, 2011. On May 20, 2011 Plaintiff filed a Motion for a Protective Order which complains of documents recently produced by Defendant's counsel.

**II. ARGUMENT**

A. **DOCUMENTS REGARDING PLAINTIFF'S FINANCIAL INFORMATION**

The financial documents at issue in Plaintiff's motion consist of two categories of things.

First, copies of voucher information for Plaintiff's last few paychecks at the Department. Second, a letter from SERS which details plaintiff's monthly pension payment. These are both relevant to the issue of the timing of plaintiff's retirement, as well as the back pay and front pay which could be before the Court should the jury enter a verdict in favor of Plaintiff. This is all information that Defendant obtained over the last week in preparation for Plaintiff's testimony about her wages. Defendant produced this information within a day of receiving it. Moreover, this is all information of which Plaintiff should be well aware and there is no prejudice to Plaintiff for late disclosure. Plaintiff was asked at her October 14, 2009 deposition to provide this information and could recall no specifics and produced no documents to show this information. This information was obtained to avoid a similar memory problem at trial. As such, information about Plaintiff's pay and retirement benefits has been the subject of depositions. In addition, Plaintiff's newly filed trial brief asserts that she is asking for lost wages and benefits. The specific documents at issue, which solidify the value of those amounts, are relevant and there is no prejudice to this information as it is within the purview of Plaintiff's knowledge.

      **B.   DOCUMENTS REGARDING HEAD COUNT ALLOCATION**

In Warden Brad Robert's January 28, 2010 Deposition he responded to questions by Mr. Falb regarding the posting of a Correctional Counselor III position. In response to those questions, Warden Robert responded that a Correctional Counselor III position had not been allocated. As such, to the extent the allocation of head count at Centralia was discussed, this is not new information and testimony about this should be allowed at trial.

What Plaintiff seems concerned about is a document the Department recently discovered which consists of a print out which shows the allocation from fiscal year 2006. That document was

produced to Plaintiff's counsel within days of receipt by the undersigned. To the extent that Plaintiff argues this is new information, the subject matter was discussed in Warden Robert's deposition. As such, there is no prejudice to Plaintiff regarding the subject matter of this document.

    **C.**    **CUMULATIVE COUNSELING SUMMARIES**

In several depositions (Ann Casey, Gina Feazel, Plaintiff) there was discussion of a visitor list for inmate Golden elicited by Mr. Falb. This is the visitor list which Plaintiff alleges that Ms. Feazel inappropriately approved and for which she was not disciplined. Plaintiff, in the course of this case as well as her incident reports and grievances prior to retirement, attached numerous documents to support her claim that this was signed by Ms. Feazel but omitted any C.H.A.M.P.S. entries. In response to questions by Mr. Falb Ms. Feazel, based upon the signature in the visitor list at issue, testified during her depositions and will testify at trial that the witness list was not signed by her. Ms. Taphorn can also, based upon the signature in the visitor list at issue, will testify that it is not Ms. Feazel's writing although she was not asked about this issue in her deposition.

The document which was produced this week is a report generated in C.H.A.M.P.S. (Dated May 18, 2011) which shows the counselor entries for inmate Golden. This report was generated by Ms. Feazel and provided to counsel on the date it was created. Counsel is not aware of any other witnesses reviewing this report. The report identifies who executed the witness list at issue. This is something that Plaintiff would have had access to at the time she was writing the incident reports and grievances. Indeed, per the report Plaintiff made entries into C.H.A.M.P.S. for inmate Golden after the witness list entry was made. This document was produced the day it was generated in anticipation of Plaintiff's testimony on this issue.

    **D.**    **UNCLEAN HANDS**

Over the past two weeks Plaintiff has produced several documents to Defendant for the first

3

time.  These include incident reports from 2007, grievances from 2006, and multiple versions of a vital statistics life table for females.  Some of these documents now appear on the Revised Exhibit List which Mr. Falb sent to this Court today.  The grievances and incident reports, aside from being hearsay or double hearsay respectively, are documents which counsel indicated were provided to him by his client.  As such, there is no reason for the delay in their production.  Mr. Falb has only explained that the life table will be used to calculate front pay, if any, but the method of its use or who will testify about it has not been disclosed.  To the extent that Defendant's exhibits are stricken for failure to produce during the discovery period, Plaintiff's exhibits should likewise be excluded.

### III. CONCLUSION

For these reasons, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully requests that Plaintiff's motion for a protective order be denied.

Respectfully submitted,

ILLINOIS DEPARTMENT OF
CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Joanna Belle Gunderson					Attorney for Defendant,
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706			By:  /s/ **Joanna Belle Gunderson**
(217) 782-1841						JOANNA BELLE GUNDERSON
Of Counsel.							Assistant Attorney General

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     -vs- | )   No.  09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

    I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on May 20, 2011 I electronically filed the foregoing Defendant's Response to Plaintiff's Motion for a Protective Order with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record for Plaintiff:

                              Thomas O. Falb
                              tfalb48@yahoo.com

                              Respectfully submitted,

                               /s/Joanna Belle Gunderson
                              Joanna Belle Gunderson # 6286292
                              Attorney for Defendant
                              Assistant Attorney General
                              500 South Second Street
                              Springfield, IL  62706
                              Telephone:  (217) 782-1841
                              Facsimile:  (217) 524-5091
                              jgunderson@atg.state.il.us