IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  09-133-DRH |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**OBJECTIONS TO PLAINTIFF'S
AMENDED EXHIBIT LIST**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS ("Department"), by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and objects to Plaintiff's Amended Exhibit List as follows:

### I. INTRODUCTION

Plaintiff brings this action alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §621 *et seq.*)  Plaintiff alleges that, starting in December 2006, the Department began to discriminate against Plaintiff because of her age, 49, in violation of the ADEA. *See* Compl. at ¶ 3.  Plaintiff further alleges that as a result of this alleged discrimination she was forced to retire on June 1, 2008.  *See* Compl. at ¶ 8.  This matter is set for trial May 23-25, 2011. On May 20, 2011 Plaintiff filed an Amended Exhibit List.

### II. ARGUMENT

**A.  DEFENDANT RENEWS ITS PREVIOUS OBJECTIONS**

In the final pretrial order Defendant objected to Plaintiff's medical bills (former Ex. 3), demonstrative exhibits (former Exs. 7-8), Ms. Feazel's personnel file (former Ex. 11), overtime

rejection slips (former Ex. 12), and the posting for correctional casework supervisor (former Ex. 15). Defendant renews those objections.

Specifically, Defendant renews its objection to the correctional casework supervisor posting (Amended Exhibit No. 15). Defendant also renews its objection to the use of personnel information for Ms. Feazel (Amended Exhibit 11) as this information may contain personal data which needs to be redacted. Defendant further renews its objection to the use of medical bills (Amended Exhibit No. 3), as Plaintiff failed produce any medical bills during discovery. Nor was there any disclosure of the existence or intended use of medical bills. Finally, Defendant has had no opportunity to review medical bills or explore the authenticity thereof. For these reasons, Plaintiff should not be allowed to use medical bills at trial.

Defendant reviewed demonstrative exhibits at the time of the final pre-trial conference and found them to be inaccurate, misleading, and to contain inadmissible evidence such as hearsay. Defendant objected to those exhibits at that time. It is unclear whether the demonstrative exhibits on Plaintiff's Amended Exhibit List (Amended Exhibit Nos. 7-8) are the same as those from last fall. Defendant has asked for copies of these exhibits, but has not yet received anything from Plaintiff. As such, Defendant objects to the use of any demonstrative exhibits until such time as Defendant is allowed to review whatever it is that Plaintiff has prepared. Based upon such a review, Defendant may have further objections to the use of Plaintiff's demonstrative exhibits.

Defendant objected to former exhibit 12 as not relevant because there was no claim for the reimbursement of overtime. It is unclear whether Amended Exhibit 12 is intended to be the same as former Exhibit 12. To the extent it is just the overtime slips, Defendant objects to their relevance. To the extent these are new documents, Defendant objects to relevance because it is unclear what

denials are at issue. Defendant has requested a copy of this exhibits from Plaintiff, but has not yet received anything in response. As such, Defendant objects to the use of Amended Exhibit No. 12 until such time as these documents are produced, or at least identified by Bates number, so that it can be ascertained what kind of denial slips are at issue. Depending on what these documents are, Defendant may have objections to their relevance as well as other objections.

### B.   DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NEW EXHIBITS

Defendant objects to the use of Mr. Toennies personnel file (Amended Exhibit No. 16) as the whole of the file is not likely relevant. To the extent Plaintiff only intends to use portions of the file which are determined to be relevant, those portions may include personal data which would require redaction prior to use. Defendant has asked for a copy (or bates number listing) of the portions which Plaintiff intends to use, but has not received a response.

Defendant objections to Amended Exhibit 17. Assuming this document can be authenticated, it is hearsay. Moreover, it contains hearsay statements of others and, therefore, is also double hearsay. As such, Defendant objects to the admission of this document at trial.

Defendant objects to Amended Exhibit 18 as not relevant. Defendant has asked for a copy of this document, or at least the Bates number, to verify its contents but has not received a response. Judging just from the description, it appears that this document pre-dates any of the alleged discrimination or harassment. As such, it may not be relevant but until the document is reviewed it is hard to tell. After reviewing this document, Defendant may have additional objections.

Defendant objects to Amended Exhibit 18 as it was not produced until this past week. In addition, this document is authored by union personnel and is therefore hearsay. Finally, this document has to do with a request made by the union in December 2006. This pre-dates any of Plaintiff's discipline and does not relate to any of the other allegations in this case. Indeed, this

3

request does not appear to relate to Plaintiff at all. As such, Amended Exhibit 19 should not be admitted at trial.

### III. CONCLUSION

For these reasons, Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, respectfully submits its Objections to Plaintiff's Amended Exhibit List.

                Respectfully submitted,

                ILLINOIS DEPARTMENT OF CORRECTIONS,

                Defendant,

                LISA MADIGAN, Attorney General,
                State of Illinois

Joanna Belle Gunderson                Attorney for Defendant,
Illinois Bar # 6286292
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706              By: /s/ **Joanna Belle Gunderson**
(217) 782-1841                             JOANNA BELLE GUNDERSON
Of Counsel.                                    Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Joanna Belle Gunderson, Assistant Attorney General, hereby certify that on May 22, 2011 I electronically filed the foregoing Defendant's Objections to Plaintiff's Amended Exhibit List with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record for Plaintiff:

Thomas O. Falb
tfalb48@yahoo.com

Respectfully submitted,

**/s/Joanna Belle Gunderson**
Joanna Belle Gunderson # 6286292
Attorney for Defendant
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
jgunderson@atg.state.il.us