IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY D. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  09-133-DRH |
| | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the defendant, Illinois Department of Corrections, by and through its counsel,

Lisa Madigan, Illinois Attorney General, and pursuant to Rule 50(a) of the Federal Rules of Civil

Procedure hereby submits this memorandum of law in support of the motion for judgment as a

matter of law.  In support thereof, the following statements are made.

**I.  INTRODUCTION**

On May 23, 2011, Plaintiff proceeded to trial on her claims of age discrimination and

constructive discharge.  After the Court's orders on summary judgment and the parties' pre-trial

motions, the following are the allegations of age discrimination at issue in this matter: (A) whether

but for her age, Plaintiff would have been promoted by the Department to Correctional Counselor

III; (B) whether but for her age, Plaintiff would have received Correctional Counselor III pay for

her counselor duties at Centralia; (C) whether but for her age, Plaintiff would have been disciplined

for the March 19, 2007 C.H.A.M.P.S. entry regarding inmate Cobb; (D) whether but for her age,

Plaintiff would have been disciplined for the April 2007 failure to make inmate contacts within 90

days; (E) whether but for her age, Plaintiff would have been disciplined for the April 24, 2007

approval of the visitor list for inmate Williams; (F) whether but for her age, Plaintiff would have

been disciplined for the June 7, 2007 email from Plaintiff to Deb Gordon in Springfield; (G) whether but for her age, the Department denied Plaintiff pay for her 2007 leave of absence.  The following is the only allegation of constructive discharge due to age at issue in this matter: (A) whether but for her age, Plaintiff would have been forced to retire in May 2008.  At the close of the Plaintiff's case in chief on May 26, 2011, the Defendant moved this court for a directed verdict.  Defendant's motion was denied.  Defendant renewed its motion on May 27, 2011 at the close of all of the evidence and now submits this written memorandum in support of its Motion.

Judgment as a matter of law in favor of the Defendant is appropriate for the following reasons: (1) no reasonable jury could find that but for her age Plaintiff would have been promoted by the Department to Correctional Counselor III; (2) no reasonable jury could find that but for her age Plaintiff would have received Correctional Counselor III pay for her counseling duties at Centralia; (3)  no reasonable jury could find that but for Plaintiff's age she would not have received discipline in 2007; (4) no reasonable jury could find that but for her age Plaintiff's leave of absence in 2007 would have been paid; and (5) no reasonable jury could find that because of Plaintiff's age the Defendant made her work environment intolerable and, therefore, a reasonable person would have been compelled to retire.

## II.  ISSUES AND ARGUMENT

### A.    STANDARD FOR JUDGMENT AS A MATTER OF LAW

Under Rule 50(a) of the Federal Rules of Civil Procedure, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2109 (2000).  The standard for granting

judgment as a matter of law mirrors that standard for the granting of summary judgment. *Id.* at 150, 120 S. Ct. at 2110, *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).  In considering a motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to the nonmoving party and ascertain whether there exists any evidence upon which a jury could reach a verdict for the party producing it, upon whom the onus of proof is imposed. *Diedidmber v. Cincinnati Sub-Zero Products*, 58 F.3d 341, 343 (7th Cir. 1995).

If there are genuine factual issues that can be properly resolved only by a finder of fact because they may be reasonably resolved in favor or either party, judgment as a matter of law should not issue. *Anderson*, 477 U.S. at 250.  However, if there is no material issues of fact, judgment as a matter of law should be granted. *Id.* at 247.

However, where there can be but one reasonable conclusion as to the verdict, a motion for judgment as a matter of law should be granted. *Id.* at 250.  The trial judge must not ask himself whether he thinks the evidence unmistakably favors one side or the other, but rather whether a fair-minded jury could return a verdict in favor of the plaintiff on the evidence presented. *Id.* at 252. In determining whether to grant a motion for judgment as a matter of law, the Court must decide whether a jury could reasonably find either that the plaintiff proved her case by the quality and quantity of evidence required by the governing law or that she did not meet this burden. *Id.* at 254.

The mere existence of some alleged factual dispute between the parties will not defeat a motion for judgment as a matter of law.  *Id.* at 247-48.  Factual disputes that are irrelevant or unnecessary cannot create an issue sufficient to overcome a motion for judgment as a matter of law. *Id.* at 248.  Only disputes over facts that might affect the outcome of the suit under the governing

law preclude entry of judgment as a matter of law.  *Id.* at 248.  If the evidence is merely colorable

or is not significantly probative, it is proper to grant judgment as a matter of law.  *Id.* at 249-50.

Substantive law identifies which facts are material.  *Id.* at 248.  The Court must view the

evidence presented through the prism of the substantive evidentiary burden.  *Id.* at 254.  Judges are

not required to submit a question to the jury merely because some evidence has been introduced by

the party having the burden of proof, unless the evidence is of such a character that would warrant

the jury finding a verdict in favor of that party.    Formerly, the standard was based upon whether

there was a scintilla of evidence to support an issue.  If so, the judge was bound to have the jury

decide the matter.  However, Supreme Court decisions have established a more reasonable rule, that

in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not

whether there is literally no evidence, but whether there is *any* evidence upon which a jury could

properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

imposed.  *Id.* at 251 (citing *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)).  Thus, when

the movant has met the burden of showing no material issue of fact exists, judgment as a matter of

law is appropriate.  *Id.* at 256.

On a motion for judgment as a matter of law, the pertinent question is whether there is

"enough evidence to permit the jury to consider the ultimate question of discrimination."  *See*

*Harvey v. Office of Banks and Real Estate*, 377 F.3d 698, 708 (7th Cir. 2004).  Though the

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden shifting "drops out once a case

goes to trial," *Wilson v. AM General Corp.*, 167F.3d 1114, 1123 n. 1 (7th Cir. 1999), the Court must

look to the totality of the evidence to determine whether Plaintiff presented sufficient evidence to

support a finding in her favor.  *Harvey*, 377 F.3d at 708.

**B.**    **THE AGE DISCRIMINATION CLAIMS**

To succeed on an ADEA claim, a plaintiff must establish that she would not have received adverse treatment ***but for*** her employer's intentional age-based discrimination.  *See Gross v. FBL Fin. Servs., Inc*., 129 S. Ct. 2343, 2350 (2009) ("a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."); *accord Harris v. Franklin-Williamson Human Servs., Inc.*, 97 F. Supp. 2d 892, 904 (S.D. Ill. 2000) (citations omitted).  In order to meet this burden, plaintiff must prove age discrimination by relying on direct or indirect evidence of discrimination. *See Martino v. MCI Comm'n Servs., Inc.*, 574 F.3d 447, 452 (7th Cir. 2009); *Harris*, 97 F. Supp. 2d at 904.  Plaintiff may also proceed under the indirect method of proof.  Under the indirect method, Plaintiff must demonstrate that (1) she was a member of the protected class (age 40 or over); (2) she was meeting her employer's legitimate expectations; (3) despite her performance, she was he was subject to an adverse employment action; and (4) similarly situated employees who were either under 40 or substantially younger than Plaintiff were treated more favorably. *See Martino*, 574 F.3d at 453 (citations omitted); *Harris*, 97 F. Supp. 2d at 904 (citations omitted).  If Plaintiff satisfies all four of these criteria, then the defendant may provide a legitimate, nondiscriminatory reason for the adverse employment action. *Martino*, 574 F.3d at 453 (citations omitted). Assuming the defendant offers such a reason, Plaintiff may then challenge the stated reason as a pretext for discrimination. *Id*.  However, the ultimate burden to prove intentional discrimination always remains with Plaintiff. *Id*.  Defendant does not deny that Plaintiff is a member of a protected class (over 40 years of age). However, Plaintiff fails to meet any of the other criteria.

1.     **No Reasonable Jury Could Find That Because of Her Age, the Department Denied Plaintiff Pay for Her 2007 Leave of Absence.**

First, Plaintiff has presented no evidence that the Department had anything to do with the decision of State Employee Retirement System ("SERS") to deny her pay during her 2007 medical leave of absence.  This Court has previously determined in its Order on the Parties' Motions in Limine that the actions of SERS cannot be attributed to the Department because SERS is a separate State agency.  Absent a showing that it was the Department's decision, no reasonable jury could find in favor of the Plaintiff.  Moreover, there is no evidence that SERS, or anyone else, considered Plaintiff's age when making any decisions regarding the approval of Plaintiff's medical leave.  Therefore, the Defendant is entitled to judgement as a matter of law on Plaintiff's claim that the Department discriminated against her by denying her pay during her 2007 medical leave of absence.

2.     **No Reasonable Jury Could Find That Plaintiff Has Presented Direct Evidence That Age Was the But For Reason for the Department's Actions.**

Plaintiff has presented no direct evidence of discrimination upon which a reasonable jury could find that the Department's actions were because of her age.  Plaintiff has presented two (2) isolated comments made by Ann Casey made on two separate occasions.  The statements alleged to have been made are nothing more than "when are you going to retire?"  Plaintiff has presented no evidence of any statements by Wardens Robert and Bates.  Isolated comments about retirement are not direct evidence of age discrimination.  There was nothing to suggest that these comments were pervasive or that they occurred more than twice.  Neither of Ms. Casey's comments were made in conjunction with any of the alleged discriminatory acts, nor is there any evidence to connect those acts to these comments.  Moreover, Plaintiff admitted that in response to one the these comments Plaintiff responded, in a joking manner, that she would retire "when I turn 50."  Therefore, no reasonable jury

-6-

could find that these comments sufficient to show any motive on the part of Ms. Casey, or the Department, and the Defendant is entitled to judgment in its favor.

### 3.   *No Reasonable Jury Could Find That the Plaintiff Was Denied a Promotion to Counselor III or Denied Counselor III Pay Because of Her Age.*

In order to prove a case of discrimination by indirect evidence, Plaintiff must show that she was meeting the legitimate expectations of her employer, was subject to an adverse employment action, and was treated less favorably than a similarly situated person.  With regard to Plaintiff's claim that she was denied a promotion and pay for the Counselor III position, Plaintiff has presented no evidence that any other person was treated more favorably than she.  There is no evidence that anyone was ever promoted to Counselor III at Centralia.  Indeed, the only evidence about the availability of that position is that it is not allocated and has not been posted.  Warden Robert testified that there has been no allocation for the Counselor III position since 2005.  There is no evidence that his decision was motivated by Plaintiff's age.  Moreover, this decision occurred the year prior to Plaintiff's 30 year pinning, and well more than a year prior to any of the other alleged discriminatory acts.  Therefore, no reasonable jury could find that the Department denied Plaintiff a promotion and pay for the Counselor III position.

### 4.   *No Reasonable Jury Could Find That Plaintiff Was Meeting the Legitimate Expectations of Her Employer.*

With respect to Plaintiff's dicipline, she first fails to prove that she was meeting the legitimate expectations of her employer.  Every witness who had the opportunity to observe Plaintiff's work from the time she started working as a counselor up through July 2007 when she was receiving discipline, including almost all of Plaintiff's witnesses, testified that Plaintiff struggled as a counselor.  All of these witnesses testified that Plaintiff was not a good counselor.  Ann Casey testified that she tried to

work with Plaintiff to improve but that eventually discipline was necessary.  This is evidenced not only by Ann Casey's testimony, but also the fact that as of January 4, 2007 Plaintiff admitted in writing that she knew Casey had concerns about her work.  *See* Def. Ex. 29.  Based upon this evidence, no reasonable jury could find that Plaintiff was meeting the legitimate expectations of her employer such that her discipline 2007 could have only been because of her age.

5.     *No Reasonable Jury Could Find That But For Plaintiff's Age She Would Not Have Received Discipline in 2007.*

Plaintiff has not presented any reliable evidence of any similarly situated person who made an inappropriate C.H.A.M.P.S. entry.  For this reason, no reasonable jury could find in favor of Plaintiff. Moreover, Ann Casey testified that the entry was inappropriate because it contained profanity and opinions about the inmate.  Plaintiff admitted on the stand that she could have written the entry different and conveyed her purpose that inmate Cobb "had the potential to be a violent inmate." Moreover, the Department's decision was confirmed by the Union who merely reduced the discipline, but did not reverse the Department's finding that Plaintiff had violated the rules.  Therefore, no reasonable jury could find that the Department disciplined Plaintiff for this C.H.A.M.P.S. entry because of her age.

Plaintiff has presented no evidence of any other counselors missing their 90-day contacts.  For this reason, no reasonable jury could find in favor of Plaintiff.  Moreover, the evidence shows that Plaintiff had not made her contacts within 90 days and, based on Plaintiff's own testimony, had not actually seen those contacts.  Moreover, the Department's decision was confirmed by the Union who merely reduced the discipline, but did not reverse the Department's finding that Plaintiff had violated the rules.  Therefore, no reasonable jury could find that the Department disciplined Plaintiff for not seeing her 90-day contacts because of her age.

Plaintiff has presented no evidence of any other counselor who was outside the protected class and approved an inmate visitor list with a victim on it. Evidence was presented that Deb Brink (and not Gina Feazel) did this, but Ms. Brink was the same age as Plaintiff and was not disciplined. At its best, this shows that the Department's decision had nothing to do with age. Moreover, Plaintiff did approve the visitor list. As such, no reasonable jury could find that the Department disciplined Plaintiff for this visitor list because of her age.

Plaintiff has presented no evidence of any other counselor who was outside the protected class and called Springfield to make changes in C.H.A.M.P.S. Plaintiff presented evidence that Ms. Brink and Ms. Landreth did this, but they were both the same age or older than Plaintiff. While there was no evidence that the actions of Ms. Brink and Ms. Landreth were brought to a supervisor's attention, there was evidence that Ms. Brink and Ms. Landreth were not disciplined. Again, this shows that the Department's decision had nothing to do with age. Moreover, Plaintiff did skip her supervisor. Indeed, the email in Defendant's Exhibit 20 shows that the person in Springfield informed Plaintiff that this request needed to go through a supervisor. In addition, the memorandum attached to Plaintiff's referral shows that Plaintiff had received notice from her supervisor that she was supposed to follow the chain of command. Indeed, that memorandum even set forth who was in Plaintiff's chain of command. As such, no reasonable jury could find that the Department disciplined Plaintiff for going outside the chain of command because of her age.

Plaintiff has presented no evidence of any other counselor who attempted to make a false report. As such, no reasonable jury could find in favor of Plaintiff. Moreover, as evidenced by Plaintiff's own testimony, she was trying to alter dates in the computer. Based on Plaintiff's testimony no reasonable jury could find that these alterations were merely to correct a mistake about the dates.

As such, no reasonable jury could find that the Department disciplined Plaintiff for attempting to make a false report because of her age.

Finally, Plaintiff has presented no evidence that the Department's actions were motivated by her seniority.  More importantly, no reasonable jury could find that seniority was used by the Department as a proxy for age.  In order to be a proxy for age, seniority must correlate to age.  In other words, if the Department was discriminating because of age it had to correlate to those who were within the protected class.  The evidence shows that seniority has only to do with years of service.  Two people who are the same age can have drastically different seniorities.  Indeed, the evidence has shown that one of the more senior counselors, Cindy Keck (Cagle) was in her thirties at the time Ann Casey disciplined her and tried to prevent her transfer to parole.  On the other hand Gina Feazel, who is older than Ms. Keck, was far less senior (by more than ten years).  Therefore, no reasonable jury could find that seniority is a proxy for age and the Defendant is entitled to judgment in its favor.  Moreover, Ms. Keck's complaints about Ms. Casey, that she felt harassed and received baseless discipline, mirror the complaints of Plaintiff.  Ms. Keck was not within the protected class and, therefore, Ms. Casey's treatment of Ms. Keck shows that her actions had nothing to do with age.  As such, no reasonable jury could find that Ms. Casey's actions were because of age and the Department is entitled to judgment in its favor.

## C.   THE CONSTRUCTIVE DISCHARGE CLAIM

In order to prove she was force to retire because of her age, Plaintiff must prove constructive discharge.  To state a claim for constructive discharge, plaintiff must prove her working conditions were so intolerable that a reasonable person would have been compelled to resign.  *See Rabinovitz*, 89 F.3d at 489 (citations omitted).  In so doing, the plaintiff must show that the working conditions were more than merely intolerable; they must have been intolerable in a discriminatory way.  *Id.*

In addition, the plaintiff may not be unreasonably sensitive to her working environment and that she must seek redress while remaining in her job unless confronted with an aggravating situation beyond ordinary discrimination. *Id*.

First, there is not evidence, aside from the one alleged conversation with Warden Bates in May 2008, of a single complained of event after November 2007. Plaintiff had no contact with Ann Casey after July 2007. Plaintiff further admits she had no issues with Warden Bates, or anyone else at the Department, from the time she returned from leave in November 2007 until six months later when she had the alleged conversation with Warden Bates in May 2008. If Plaintiff did not resign in November 2007, she cannot claim that her work environment was intolerable six months later when, by her own testimony, things were going better for her.

Even taking the facts in the light most favorable to the Plaintiff and assuming the conversation with Warden Bates took place, this conversation does not prove constructive discharge. This conversation did not under any standard cause Plaintiff's work conditions to be unbearable. Indeed, Plaintiff's work assignment never did change. In *Rabinovitz,* the plaintiff claimed that he was constructively discharged (specifically, forced to resign) in October 1992 as a result of discrimination based upon his religion and age. *See Rabinovitz*, 89 F.3d at 486-487. Specifically, the plaintiff claimed that he was generally "subjected to constant mean, humiliating insults" and alleged the following acts which allegedly caused his discharge: "[a] lowered performance rating in April 1991, [] workplace restrictions of April 1991, [] refusal of his request to start work at 6 a.m., his business trip that coincided with the arrival of the EEOC investigator, and [a] comment allegedly made by [his supervisor] to the effect that plaintiff could quit if he was not happy with the job." *Id*. at 489. In that case the court held that "[a]t most, these incidents suggest that friction existed

-11-

between [plaintiff] and his supervisors, not that his job was so intolerable that he was forced to resign." *Id.* at 489. Tellingly, regarding the comment by that plaintiff's supervisor, the court held that "only an unreasonably sensitive employee would feel compelled to resign after hearing such a remark." *Id.* at 489-490. Moreover the court noted that, with regard to the workplace restrictions, "not only do they not appear to be based on a discriminatory motive, but [plaintiff] endured them for a year and a half before resigning." *Id.* at 489. The court concluded that "taken together, these events would not have compelled a reasonable employee to resign" and therefore affirmed the entry of summary judgment for the defendant on the constructive discharge claim. *Id.* at 490.

Here, Warden Bates' alleged statement that he was going to change her work assignment is far more innocuous than the alleged conduct in *Rabinovitz.* Not only would the new assignment have still been within normal counseling duties, but such a change was never actually made. As such, like in *Rabinovitz*, a reasonable employee would not be compelled to resign after having heard such a remark. Moreover, Plaintiff had already endured the bulk of the incidents about which she now complains, Ann Casey had been gone from the Department for ten months, and Plaintiff had worked in her position for nearly six months without further incident or complaint. As such, like in *Rabinovitz,* Plaintiff's unreasonable sensitivity to any changes in her work assignment will not suffice to prove that the Department made her working conditions intolerable, especially since no change was made. Therefore, the Plaintiff has failed to prove that her working conditions were unbearable and therefore Plaintiff cannot prove constructive discharge. Consequently, no reasonable jury could find that the Department made Plaintiff's work environment intolerable because of her age, and the Defendant is entitled to judgment in its favor.

-12-

## III.  CONCLUSION

For these reasons, Defendant, Department of Corrections, is entitled to judgement as a matter of law and respectfully requests this honorable Court enter judgment in its favor and against Plaintiff.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BETTY D. COOK,                          )
                                        )
          Plaintiff,                    )
                                        )
     -vs-                               )          No.  09-133-DRH
                                        )
ILLINOIS DEPARTMENT                     )
OF CORRECTIONS,                         )
                                        )
          Defendant.                    )

**CERTIFICATE OF SERVICE**

          I hereby certify that on May 31, 2011, I electronically filed the foregoing Memorandum in
Support of Defendant's Memorandum in Support of Motion for Judgment as a Matter of Law with
the Clerk of Court using the CM/ECF system which will send notification of such filing to the
following counsel of record for Plaintiff:

          Thomas O. Falb
          tfalb48@yahoo.com

and I hereby certify that on May 31, 2011, I mailed by United States Postal Service, the document
to the following non-registered participant:

          NONE

          Respectfully submitted,
          /s/Joanna Belle Gunderson
          JOANNA BELLE GUNDERSON
          Illinois Bar # 6286292
          Assistant Attorney General
          Attorney for Defendant
          500 South Second Street
          Springfield, IL  62706
          Telephone:  (217) 782-1841
          Facsimile:  (217) 524-5091
          jgunderson@atg.state.il.us