IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

BETTY D. COOK, )
Plaintiff, )
vs. ) No.: 09-cv-133-DRH
ILLINOIS DEPARTMENT OF CORRECTIONS, )
Defendant. )

**MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL**

Now comes Plaintiff, BETTY D. COOK, by her attorney, Thomas O. Falb of the law firm of WILLIAMSON, WEBSTER, FALB & GLISSON, and pursuant to Rules 50 and 59, requests this Court to enter a judgment on behalf of the Plaintiff and against the Defendant notwithstanding the verdict or in the alternative to award Plaintiff a new trial. In support, Plaintiff states as follows:

1. Pursuant to Rule 50, Plaintiff is entitled to a judgment notwithstanding the verdict for the reason that the evidence, including all reasonable inferences to be drawn from the evidence, points so strongly and overwhelming in favor of Plaintiff that reasonable and fair-minded persons in the exercise of impartial judgment could come to only one conclusion and in this case, in favor of Plaintiff and against the Defendant. *Hubbard v. Faros Fisheries, Inc.*, 626 F.2d. 196 (1st Cir., 1980).

2. In the alternative, pursuant to Rule 59, Plaintiff requests this Court award Plaintiff a new trial for any of the reasons for which new trials have heretofore been granted in actions at law

in the courts of the United States or for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.

In ruling on a motion for a new trial, this Court enjoys a greater degree of discretion than ruling on a judgment notwithstanding the verdict. *Crown Central Petroleum Corp. v. Brice*, 427 F. Supp. 638 (E. D. VA, 1977). Instead of merely inquiring into the sufficiency of the evidence, this Court may grant a motion for a new trial if it determines that, for any reason, the trial was not fair to the movant. *Montgomery Ward & Company v. Duncan*, 311 US 243 (1940).

3. The following arguments require that this Court to award a new trial.

a) There was error by the Court in instructing the jury. Plaintiff made specific objections and arguments concerning the jury instructions at the time of the jury instruction conference. Plaintiff now realleges and incorporates those arguments and objections as though fully set out herein.

Notwithstanding the above, Plaintiff submits that the Court erred when instructing the jury as to the Verdict Forms A, B, C and D as well as the special interrogatories that went with the verdict forms.

Verdict Form A was improper in that it included the words, "age of 40 years". Further it was confusing in that it intermixed the claim of discrimination as well as the claim of wilful violation of the ADEA. The jury was led to believe that the jury would have to find that there was a wilful violation of the ADEA in order to sign Verdict Form A in favor of Plaintiff.

Similarly, the other verdict forms contained the age 40 and were improper. The jury would be confused in that one of the younger persons involved in this case, Gina Feazel, was in fact 42

years of age at the time Plaintiff was constructively discharged. The jury would be confused in thinking there was no discrimination if Gina Feazel was in the protected class.

In addition, the jury verdict forms contained redundant legal language. In other words, the verdict forms incorporated the verdict directing or issues instructions in earlier instructions. Plaintiff had submitted her own verdict forms where the jury would simply, based upon the evidence, rule in favor of the Plaintiff and against the Defendant or vice versa. Therefore, the language would have been simple and readily understood by the jury.

Jury Instruction, Court's No. 8, was in error. It indicated Plaintiff had to be over the age of 40 years. Once again this made it confusing to the jury since the younger employee, Gina Feazel, was 42 years of age; thus the jury may have been confused that there was no discrimination because the younger employee was within the protected age group.

Similarly, other jury instructions contained statements concerning the 40 year protected class, which was improper and error.

4. Concerning motions in limine, the Court erred in denying Plaintiff's motion in limine with respect to collateral source. The Court ruled that Plaintiff's retirement benefits that she received after being constructively discharged were not collateral source, and therefore admissible. The Court went on to allow evidence of Plaintiff's retirement benefits in front of the jury.

Plaintiff's retirement benefits were earned by Plaintiff. Defendant did not provide same. Therefore, said benefits were not collateral source (please see Plaintiff's Motion in Limine and Trial Brief).

5. The Court erred in preventing Plaintiff's counsel from introducing evidence of statements made by Gina Feazel. These statements would have been testified to by the Plaintiff as well as Brendan Risse. Said statements were not hearsay. Said statements went to Plaintiff's mental status and were admissions. Gina Feazel was an "actor" in the discrimination in that she harassed Plaintiff concerning Plaintiff's age and retirement. Said statements also were admissible by way of impeachment of Gina Feazel.

6. The Court further erred in not allowing evidence concerning the Democratic political activities of Warden Robert, Ann Casey (Assistant Warden), Gina Feazel, Ty Bates and other correctional facility employees. Said evidence would have shown that this group of individuals were biased in favor of each other and further were a close-knit group of individuals that wanted to get their own people such as Gina Feazel and Bart Toennies into the counseling department at Centralia Correctional Center and provide opportunities for promotions of these people. Plaintiff was a Republican.

7. The Court erred in prohibiting evidence concerning sexual or intimate relationships between Ann Casey and Legislator Curtis Grandberg. Said evidence would have shown bias and favoritism between Grandberg, Casey and ultimately Warden Robert. Warden Robert was a close friend of Grandberg.

8. The Court erred in allowing evidence of Plaintiff's abilities as a counselor prior to March of 2006 – in that Plaintiff's conduct or abilities during that period of time were irrelevant. Plaintiff was discriminated beginning in December of 2006 through May of 2008.

9. The Court erred in allowing opinion and conclusory testimony of Al Sanner, Terry Loepker, Cindy Cagle and others (not the Plaintiff) that they felt that they were not being discriminated based upon their age. The opinions and conclusions of these witnesses was not relevant and usurped the role of the jury.

10. Error was committed when evidence was allowed before the jury when defense counsel inquired of Plaintiff whether her complaint asks for in excess of Five Hundred Thousand Dollars ($500,000.00); inquired of the Plaintiff whether the Plaintiff's union representative was disciplined or fired for "socializing"; that Brandon Risse had recently been charged with "socializing". Said evidence was irrelevant and highly prejudicial. Further allegations against Brandon Risse were simply that, "allegations", and because the allegations were unfounded and he was never found guilty, said allegations should never have been raised in front of a jury.

11. The Court erred in refusing Plaintiff's offer of proof concerning evidence of the politics, intimate relationships and statements of Gina Feazel as referred to above.

12. The Defendant's actions severely prejudiced Plaintiff in that the Defendant's actions in putting pressure on Brandon Risse not to testify and to in fact penalize him for not being a favorable witness to the State, constitutes such misconduct, that, at a minimum, a new trial is required.

13. The Court erred in not allowing evidence or jury instructions regarding hostile work environment of Plaintiff.

Wherefore, Plaintiff prays that this Court enter judgment notwithstanding the verdict and in favor of Plaintiff or in the alternative, grant Plaintiff's request for a new trial.

BETTY D. COOK, Plaintiff

BY: s/s Thomas O. Falb
THOMAS O. FALB - #00768804
Williamson, Webster, Falb & Glisson
Attorneys at Law
603 Henry Street.
Alton, IL 62002

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system which will send notification of such filings to the following:

Joanna Belle Gunderson, AAG
500 South Second Street
Springfield, IL 62706
Attorney for the Defendant Illinois Department of Corrections

s/s Thomas O. Falb
THOMAS O. FALB - #00768804
Williamson, Webster, Falb & Glisson