IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 09-133-DRH |
| ) | |
| ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT NOTWITHSTANDING
THE VERDICT OR A NEW TRIAL**

NOW COMES the defendant, Illinois Department of Corrections, by and through its counsel, Lisa Madigan, Illinois Attorney General for the State of Illinois, and in response to Plaintiff's Motion for Judgment Notwithstanding the Verdict or a New Trial states as follows:

**I. INTRODUCTION**

On May 23, 2011, Plaintiff proceeded to trial on her claims of age discrimination and constructive discharge. Per the parties' final pre-trial order the following were the allegations of age discrimination at issue: (A) whether but for her age, Plaintiff would have been promoted by the Department to Correctional Counselor III; (B) whether but for her age, Plaintiff would have received Correctional Counselor III pay for her counselor duties at Centralia; (C) whether but for her age, Plaintiff would have been disciplined for the March 19, 2007 C.H.A.M.P.S. entry regarding inmate Cobb; (D) whether but for her age, Plaintiff would have been disciplined for the April 2007 failure to make inmate contacts within 90 days; (E) whether but for her age, Plaintiff would have been disciplined for the April 24, 2007 approval of the visitor list for inmate Williams; (F) whether but for her age, Plaintiff would have been disciplined for the June 7, 2007 email from Plaintiff to Deb

Gordon in Springfield; (G) whether but for her age, the Department denied Plaintiff pay for her 2007 leave of absence.  Per the parties' final pre-trial order the following was the only allegation of constructive discharge due to age at issue: (A) whether but for her age, Plaintiff would have been forced to retire in May 2008.  At the close of the Plaintiff's case in chief on May 26, 2011, the Defendant moved this court for a directed verdict.  Defendant's motion was denied.  Defendant renewed its motion on May 27, 2011 at the close of all of the evidence and submitted a written memorandum in support of its Motion on May 30, 2011.  That motion was also denied.  On May 31, 2011 the case was handed over to the jury and a verdict in favor of the Defendant was returned on all of the charges.  On June 10, 2011 Plaintiff filed a Motion for Judgment Notwithstanding the Verdict or a New Trial.  For the reasons set forth herein, Plaintiff's motions should be denied.

## II.  ARGUMENT

A.  **JUDGMENT NOTWITHSTANDING THE VERDICT**

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, "[i]f the court does not grant judgment as a matter of law made under Rule 50(a) . . . the movant may file a renewed motion" no later than 28 days after the jury was discharged.  "In ruling on a renewed motion, the court may . . . direct the entry of judgment as a matter of law."  *See* Federal Rule of Civil Procedure Rule 50(b)(3).  Judgment as a matter of law is appropriate after trial as "'a last chance to correct . . . error without delay, expense, or other hardships of an appeal.'"

In deciding a motion for judgment as a matter of law, the Court should look whether  the "facts as shown by the record, required submission of the case to the jury." *McKay v. Upson-Walton Co.*, 317 F.2d 286, 828 (7th Cir. 1963).  After the nonmoving party has been fully heard on an issue, if there is no legally sufficient evidentiary basis for a reasonable jury to find for that nonmoving

party, judgment as a matter of law should be granted in favor of the movant. *Houskins v. Sheahan*, 549 F.3d 480, 489 (7th Cir. 2009), *citing Winters v. Fru-Con, Inc.*, 498 F.3d 734, 745-46 (7th Cir. 2007). The evidence presented and all reasonable inferences therefrom should be viewed in the light most favorable to the nonmoving party. *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 449 (7th Cir. 2001).

This is the first time Plaintiff has presented a Rule 50 motion, there was no Rule 50(a) motion made by Plaintiff, and Plaintiff's motion cites to no facts which support her motion nor is there any argument. At bottom, Plaintiff's motion simply recites the standard for judgment notwithstanding the verdict. Even so, for the reasons set forth in the Defendants Rule 50 motions, judgment in favor of Defendant is reasonable and the jury's verdict should stand as entered. Those arguments are fully set forth in Defendant's Rule 50 motions, and due to the brevity of this issue in Plaintiff's current motion, the Defendant will not burden the Court's record with duplicative arguments. However, those arguments are incorporated fully herein, and as a brief synopsis the Defendant provides the following.

Plaintiff failed to prove that the Department was behind Plaintiff not receiving pay for her 2007 leave of absence. The Plaintiff also failed to prove that the Department failed to promote Plaintiff to Counselor III, or pay her at that rate, because of her age. Indeed, the evidence on this issue was that the Counselor III position had not been allotted at Centralia since 2005. Given the evidence no reasonable jury could have found for Plaintiff on the leave of absence and counselor III issues.

Plaintiff also failed to provide any direct evidence of discrimination. At bottom, Plaintiff proved that Ann Casey made two (2) isolated comments which amounted to nothing more than "when

are you going to retire?" Plaintiff presented no evidence of any statements by Wardens Robert and Bates. Isolated comments about retirement are not direct evidence of age discrimination, and there was nothing to suggest that these comments were pervasive or that they occurred more than twice. As such, no reasonable jury could find that these comments sufficient to show any motive on the part of Ms. Casey, or the Department, and the jury's verdict is reasonable.

With respect to Plaintiff's dicipline, she first failed to prove that she was meeting the legitimate expectations of her employer. In addition, Plaintiff presented no reliable evidence of any similarly situated person who was treated more favorably. Specifically, there was no evidence that any other counselor made a C.H.A.M.P.S. entry akin to Plaintiff (or even used profanity in C.H.A.M.P.S.), there was no evidence of any other counselors missing their 90-day contacts, there was no evidence of any other counselor who was outside the protected class and approved an inmate visitor list with a victim on it (evidence was presented that Deb Brink did this, but Ms. Brink was the same age as Plaintiff and was not disciplined), there was no evidence of any other counselor who was outside the protected class and called Springfield to make changes in C.H.A.M.P.S. (again, Plaintiff presented evidence that Ms. Brink and Ms. Landreth did this, but they were both the same age or older than Plaintiff), and there was no evidence of any other counselor who attempted to make a false report. In addition, Plaintiff has presented no evidence that the Department's actions were motivated by her seniority. More importantly, no reasonable jury could find that seniority was used by the Department as a proxy for age, as the evidence showed that seniority has only to do with years of service. As such, no reasonable jury could find that Ms. Casey's actions were because of age.

With respect to Plaintiff's constructive discharge claim, Plaintiff presented no evidence, aside from the one alleged conversation with Warden Bates in May 2008, of a single complained of event after November 2007. Plaintiff had no contact with Ann Casey after July 2007. Plaintiff

further admitted she had no issues with Warden Bates, or anyone else at the Department, from the time she returned from leave in November 2007 until six months later when she had the alleged conversation with Warden Bates in May 2008. Even taking the facts in the light most favorable to the Plaintiff and assuming the conversation with Warden Bates took place, this conversation does not prove constructive discharge. This conversation did not, under any standard, cause Plaintiff's work conditions to be unbearable. Indeed, Plaintiff's work assignment never did change. Therefore, the Plaintiff failed to prove that her working conditions were unbearable and no reasonable jury could find that the Department made Plaintiff's work environment intolerable because of her age.

**B.     MOTION FOR A NEW TRIAL**

A new trial is warranted only if "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010) (citations omitted). A jury verdict will be upheld as long as a reasonable basis exists in the record to support this verdict. *Id.*

   *1.     The jury instructions were not confusing or misleading.*

Plaintiff states, without reiterating any specific objections, that her objections to the jury instructions warrant a new trial. In addition to the general objection, Plaintiff states that the verdict forms were confusing and that the use of the term "over the age of forty years" was misleading. First, the jury instructions were, by and large, form ADEA instructions from the Seventh Circuit. To the extent there were additional instructions added, those instructions were based on the applicable and current ADEA caselaw. The use of the term "over the age of forty years" is nothing more than a definition of the applicable class. There is nothing misleading about this term – it is the definition of the class for age discrimination cases. To the extent that Plaintiff wanted a different definition of the

class, there was no such instruction submitted by the Plaintiff on this issue. As such, the jury instructions were an accurate reflection of the law, were not misleading, and Plaintiff's motion should be denied.

With respect to the verdict forms, the redundant language about which Plaintiff complains was nothing more than a recitation of what charge the jury was deciding. This was not misleading, indeed, if anything it made the issues more clear for the jury. Moreover, the inclusion of the determination of willfulness was not misleading. The form clearly gave the jury two alternatives regarding willfulness – there were two checkmark spaces on those forms. There was nothing to suggest, as Plaintiff now argues, that the jury had to find the conduct willful in order to enter judgment in Plaintiff's favor. Indeed, the form made clear a finding could be for Plaintiff with either a checkmark for willful or one for not willful. In addition, there were several jury instructions which explained the applicable standard and considerations for willfulness. Plaintiff states that her verdict forms, which simply said judgment is in favor of Plaintiff/Defendant were more appropriate. In a case such as this, where there are multiple counts and several distinct actions within each count which affect damages, a simple verdict form like that proffered by Plaintiff is not sufficient. Indeed, the confusion that could have resulted regarding what damages to award, had the jury returned a verdict in favor of the Plaintiff, is enough to warrant a more detailed form. As such, the verdict forms used by the Court were not confusing and do not warrant a new trial.

### 2.   *Testimony about Plaintiff's retirement benefits was limited and not prejudicial.*

Plaintiff has been fully heard on several occasions with regard to her objection to evidence of Plaintiff's retirement benefits. This was relevant evidence of Plaintiff's motivation to retire and the Court properly allowed this evidence to come in. However, the evidence was very limited and there was not extensive testimony about the dollar amounts. At best, there was evidence that Department

employees know that at some juncture they will have a greater take-home pay retired, than while they are working. There was evidence presented that this was true for Plaintiff's situation. However, Plaintiff presented evidence that there was a downside to retiring when she did. Indeed, Plaintiff spoke about having a greater base salary, drawing from her social security, and about other hardships she has encountered because of the date she retired. As such, any prejudice on this issue was mitigated by the fact that Plaintiff presented her side of this issue to the jury and a new trial is not warranted.

### 3. *Statements made by Gina Feazel were hearsay.*

Plaintiff states that the Court did not allow evidence of statements made by Gina Feazel. This is not an accurate statement. The Court did allow questioning of Ms. Feazel about statements which she allegedly made. The Court further allowed testimony by Brandon Risse, for the purpose of impeachment, about those same statements by Ms. Feazel. As such, it is unclear what is Plaintiff's complaint on this issue. Indeed, to the extent anyone was prejudiced by this testimony it was the Defendant.

Plaintiff was not allowed to testify about things she heard Ms. Feazel had said. This was proper as statements of a non-decision maker are hearsay. Plaintiff argues that this goes to Plaintiff's mental state, but Plaintiff's mental state is not relevant. There was no evidence that any of the decision makers were working through Ms. Feazel to harass Plaintiff, nor was there any evidence that Ms. Feazel had supervisory powers over Plaintiff which would have made her a decision maker. As such, any out-of-court statements made by Plaintiff's co-workers (including MS. Feazel) which were offered for the truth of the matter asserted were hearsay and, therefore, were not admissible. Even so, there was testimony by Plaintiff of what the content of Ms. Feazel's statements were, even though the actual statements were not allowed into evidence. As such, the evidentiary rulings on this issue which sustained the hearsay objections were proper and there was not prejudice to Plaintiff.

### 4. *Plaintiff's political affiliation arguments.*

Plaintiff alleged that the Defendant's actions were motivated or biased by partisan politics and/or Ms. Casey's personal, sexual, relationship with State Representative Kurt Grandburg. Prior to presentation of these topics in opening statements, Defendant requested that an offer of proof be made to this Court so that a determination as to the foundation for this evidence and its relevance to the Plaintiff's ADEA claims could be made. During that offer of proof Plaintiff admitted that there was no evidence the Mr. Grandburg had been involved in any of the employment decisions about Plaintiff at issue in this case. Indeed, Plaintiff's claims that Mr. Grandburg's politics somehow guided the Department's decisions is belied by the fact that Plaintiff did not bother to subpoena Mr. Grandburg to testify at trial. This is not a political affiliation case and evidence that a group of persons within the Department were all of a particular political affiliation is not relevant. As such, the Court properly ruled that evidence of political affiliation, and personal, sexual, relationships with State Representative Grandburg was not relevant.

Moreover, Plaintiff made politically charged arguments throughout this case by pointing to former Governor Blagojevich. Plaintiff made several comments about how everyone was appointed during the Blagojevich administration. As such, to the extent that Plaintiff felt a politically corrupt administration was to blame, that evidence was presented by Plaintiff throughout the case and any prejudice Plaintiff claims to have sustained was mitigated.

### 5. *Plaintiff's ability to perform her duties as a counselor was relevant.*

As part of Plaintiff's burden in proving she was treated less favorably than younger similarly situated persons, Plaintiff must show that she was meeting the legitimate expectations of her employer. Evidence of Plaintiff's ability to perform her job, and the quality of her work, is relevant on this point. The evidence at issue was only from the few years (2004-2006) prior to when Plaintiff began receiving

discipline (2006-2007) and, therefore, was not so remote from the issues in this case. Moreover, Plaintiff argues that she was a good counselor and that the only basis for her discipline was her age. Evidence of Plaintiff's ability to perform as a counselor and the quality of her counseling work goes to whether the discipline could have been because of Plaintiff's job performance. Moreover, Plaintiff presented extensive evidence about how meticulous she was in her job and why she did not deserve discipline for her actions. To the extent that Plaintiff asserted she was a good counselor and had no issues, this evidence was relevant. As such, the evidence of Plaintiff's job performance in the few years prior to her receipt of discipline was relevant and Plaintiff was given ample opportunity to present evidence rebutting these issues thus mitigating any prejudice from this evidence.

### 6.     *Plaintiff opened the door to witness opinion testimony.*

Plaintiff asserts that the Court allowed inappropriate opinion testimony by the counselors who testified. Specifically, Plaintiff complains that former counselors Sanner, Loepker, and Cagle, were allowed to testify about whether they felt they were forced to leave Centralia because of their age. First, Mr. Sanner and Ms. Loepker were Plaintiff's witnesses who were called to testify about how they were treated by former Warden Casey and why they left Centralia. As such, Plaintiff opened the door to testimony about why they left Centralia and it was only fair to allow them to answer the question of whether they believed it was because of their age. This was testimony which Plaintiff brought to the case and to which Plaintiff did not object. This was not testimony about any ultimate issue in the case, it was merely the witnesses perceptions of what they believed to be Ms. Casey's motivation for how those witnesses were treated by Ms. Casey. As such, Plaintiff's complaint about testimony to which she opened the door does not hold merit in showing prejudice warranting a new trial. *See, e.g., Pickett*, 610 F.3d at 445 (where the Seventh Circuit noted that "risky gambling tactics such as this

are usually binding on the gambler. This court has not hesitated in the past to bind a party to its strategic decision to sit silent in the face of claimed error by refusing relief when the party complains because the result is unfavorable.") Similarly, while Ms. Cagle was called as a witness in the Defendant's case, the same kinds of testimony were elicited from Ms. Cagle for the same reasons. Ms. Cagle's testimony was not objected to, and was a proper and necessary response to Plaintiff's case. As such, the testimony of these witnesses was relevant and was nothing more than their perception of the events and a new trial is not warranted.

### 7.     *No evidence of Plaintiff's demand was admitted.*

Plaintiff argues that evidence of Plaintiff's monetary demand in her complaint was admitted at trial. This is not a true statement. Counsel for the Defendant asked Plaintiff about her demand, but Plaintiff's objection to the question was sustained. The jury was instructed at the outset of the case to ignore stricken testimony. The jury was further instructed that nothing said by counsel was evidence. As such, there was no evidence of Plaintiff's demand entered. *See Pickett*, 610 F.3d at 446 (noting that where the jury is instructed that statements by attorneys are not evidence, the Court presumes juries follow those instructions); *see also Miksis v. Howard*, 106 F.3d 754, 764 (7th Cir. 1997) ("[T]his court has repeatedly explained that improper comments during closing argument rarely rise to the level of reversible error.") Moreover, to the extent there was any prejudice it was mitigated by the fact that Plaintiff argued in her close that she wasn't asking the jury to award any damages and that she was basically seeking a moral victory. By arguing to the jury that there was no monies at stake, Plaintiff cured any prejudice incurred by Defendant's counsel asking about the demand in the complaint filed by Plaintiff in this case. Therefore, no evidence of Plaintiff's demand was entered and a new trial is not warranted.

### 8. *Brandon Risse's testimony was not prejudicial.*

Plaintiff states that evidence of Mr. Risse's disciplinary charges was not relevant and prejudicial. Mr. Risse testified that he was a good employee with no discipline. Counsel for the Defendant is allowed to present evidence of bias, and his disciplinary charges are proper on this point. All that was asked of Mr. Risse was whether he was presently facing discipline, what those charges were for (socialization), and what the potential disciplinary result could be. There was no questioning about the subject-matter giving rise to the charges, although Mr. Risse volunteered this information in his answer. Moreover, Mr. Risse made it abundantly clear that this was a pending charge and that he did not believe he deserved any discipline. Bias of a witness is a relevant issue, and pending discipline is proper information for cross-examination. The questioning of Mr. Risse was very limited and did not go into the factual allegations at issue. Mr. Risse was given great latitude in his answers to explain his situation, there was no prejudice in allowing the Defendant to ask the questions, and there was no objection to the questioning. As such, Mr. Risse's pending discipline was proper material for cross, the questioning was limited, and there was no prejudice which warrants a new trial.

With respect to counsel's continued allegations that the Defendant tried to keep Mr. Risse from testifying and penalized him for testifying – there is no evidence of this. First, Mr. Risse did testify, indeed he was provided by the Department as a witness in Plaintiff's case without requiring Plaintiff to issue a subpoena. As the Plaintiff well knows, because it was discussed with Plaintiff's counsel, Mr. Falb, prior to trial, this was done as a courtesy to Plaintiff to avoid causing her to incur service fees for subpoenas of Department employees. At no point did the Department refuse to provide Mr. Risse as a witness. As such, Plaintiff's statement that the Department attempted to prevent Mr. Risse from testifying is baseless. It was the Department that made it possible for Plaintiff to bring Mr. Risse as a witness.

Moreover, there was no reason for the Department to try and avoid Mr. Risse's testimony because it was not relevant to very many issues in this matter, and certainly none of the key issues. Mr. Risse had no first-hand knowledge about Ms. Casey because he was not at Centralia at the same time as Ms. Casey. Mr. Risse has no first-hand knowledge about Plaintiff's discipline because he was not at Centralia when Plaintiff was disciplined. All Mr. Risse had first-hand knowledge about was Plaintiff's treatment by Warden Bates and Plaintiff's performance under Warden Bates. Mr. Risse testified consistent with Warden Bates, a decision-maker of the Department, on these issues. Consequently, Plaintiff's argument that Mr. Risse had unfavorable testimony for the Department is baseless.

Finally, Plaintiff's allegations that Mr. Risse was penalized for testifying are similarly baseless. Mr. Risse's prior discipline for the lost keys (which he reported as lost) occurred before he was ever involved in this case. Mr. Risse's pending discipline was not issued by any of the decision-makers in this case. Finally, there was testimony from at least three witnesses about Mr. Risse's evaluations and why they were changed. At bottom, this occurred at the very outset of the case, nearly two-years before the trial, there is simply no temporal relationship between that change and the possibility of Mr. Risse's testimony at trial two years later. Moreover, as stated above Mr. Risse's knowledge about this case is limited and not unfavorable. Plaintiff's assertion that Mr. Risse was a key witness is further belied by the fact that Mr. Risse was not deposed. Plaintiff took fourteen (14) depositions in this case, including almost every witness at trial. If Mr. Risse was such an important witness, surely he would have been deposed. The reality here is that Mr. Risse did not know anything relevant to the key issues of the case and what he did know was consistent with the decision-makers. There was no reason to punish Mr. Risse for potential future testimony and he has not punished for any of his involvement in this case. Plaintiff put Mr. Risse on the stand and elicited the testimony at issue from him. Plaintiff's

-12-

complaint that what she elicited from Mr. Risse was prejudicial cannot justify a new trial.

### 9.  *Evidence of a hostile work environment was entered.*

Plaintiff states that he was not allowed to present evidence of a hostile work environment.  This is not an accurate statement.  While Plaintiff was not allowed to pursue a separate hostile work environment claim, because it was not included in the final pre-trial order, evidence of Plaintiff's work environment was entered as it was relevant to the constructive discharge claim.  The final pre-trial order contained the agreed issues for trial submitted by the parties and it was not err for the Court to hold the parties to that agreement.  Moreover, evidence of Plaintiff's work environment was allowed because it was relevant to the issue of constructive discharge.  As such, a new trial is not warranted.

### III.  CONCLUSION

For these reasons, Defendant, Department of Corrections, respectfully requests this honorable Court deny Plaintiff's Motion for Judgment Notwithstanding the Verdict or a New Trial.

Respectfully submitted,
ILLINOIS DEPARTMENT OF CORRECTIONS,
    Defendant,
LISA MADIGAN, Attorney General,
State of Illinois,
/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
jgunderson@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY D. COOK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    -vs- | )   No. 09-133-DRH |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
|    Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2011 I electronically filed the foregoing Response to Plaintiff's Motion for Judgment Notwithstanding the Verdict or a New Trial with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Plaintiff:

Thomas O. Falb

tfalb48@yahoo.com

and I hereby certify that on June 30, 2011, I mailed by United States Postal Service, the document to the following non-registered participant:

NONE

Respectfully submitted,
/s/Joanna Belle Gunderson
JOANNA BELLE GUNDERSON
Illinois Bar # 6286292
Assistant Attorney General
Attorney for Defendant
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
jgunderson@atg.state.il.us