IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY D. COOK**,

**Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS,**

**Defendant.**                                                No. 09-cv-0133-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is plaintiff's motion for judgment notwithstanding verdict or in the alternative motion for new trial (Doc. 88). Defendant opposes the motion (Doc. 90). Based on the applicable law and the following, the Court denies plaintiff's motion.

Plaintiff sued her former employer alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. She claims that, starting in December 2006, the Illinois Department of Corrections ("IDOC") began to discriminate against her because of her age, 49, in violation of the ADEA. She further alleges that as a result of this alleged discrimination she was forced to retired on June 1, 2008.

On May 23, 2011, trial in this matter commenced on plaintiff's claims of age discrimination and constructive discharge. The following allegations of age

discrimination were at issue: (1) whether but for her age, plaintiff would have been promoted by defendant to Correctional Counselor III; (2) whether but for her age, plaintiff would have received Correctional Counselor III pay for her counselor duties at Centralia; (3) whether but for her age, plaintiff would have been disciplined before the March 19, 2007 C.H.A.M.P.S. entry regarding inmate Cobb; (4) whether but for her age, plaintiff would have been disciplined for the April 2007 failure to make inmate contacts within 90 days; (5) whether but for her age, plaintiff would have been disciplined for the April 4, 2007 approval of the visitor list for inmate Williams; (6) whether but for her age, plaintiff would have been disciplined for the June 7, 2007 email from plaintiff to Deb Gordon in Springfield; (7) whether but for her age, the defendant denied plaintiff pay for her 2007 leave of absence.  As to the constructive discharge claim the issue was whether but for her age, would plaintiff have been forced to retire in May 2008.  On May 31, 2001, the jury returned verdicts on all claims in favor of IDOC and against plaintiff (Doc. 74).  Judgment reflecting the same was entered that same day (Doc. 79).

## II.  <u>Legal Standard</u>

Rule 50(a) of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  The stringent standard for a judgment as a matter of law under Federal Rule of Civil Procedure 50 is the same whether the verdict under review was for the plaintiff or the defendant, and regardless of the underlying legal

issues of the case. Under Rule 50, both the district court and an appellate court must construe the facts strictly in favor of the party that prevailed at trial. *See Tart v. Illinois Power Co.*, 366 F.3d 461, 464 (7th Cir. 2004), *citing Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Although the court examines the evidence to determine whether the jury's verdict was based on that evidence, the court does not make credibility determinations or weigh the evidence. *See Waite v. Board of Trustees of Illinois Community College Dist. No. 508,* 408 F.3d 339, 343 (7th Cir. 2005), citing *Reeves,* 530 U.S. at 150, 120 S.Ct. 2097. "Once a jury has spoken, we are obliged to construe the facts in favor of the parties who prevailed under the verdict." *Tate v. Executive Mgmt. Servs., Inc.,* 546 F.3d 528, 531 (7th Cir. 2008) (citations and quotations omitted). Considering the totality of the evidence, courts determine whether the jury was presented with a "legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross–Blue Shield of Ill.,* 226 F.3d 922, 924 (7th Cir. 2000).

Turning then to the standard under which the Court must evaluate a motion for a new trial, pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues ... and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court [.]" Fed.R.Civ.P. 59(a)(1)(A). *See also ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.,* 353 F.3d 541, 543 (7th Cir. 2003). A court may grant a new trial if "the verdict is against the clear weight of the evidence,

the damages are excessive or the trial was unfair to the moving party." *Miksis v. Howard,* 106 F.3d 754, 757 (7th Cir. 1997). "In reviewing a motion for a new trial, we view the evidence in the light most favorable to the prevailing party. We will not set aside the jury's verdict if there is a reasonable basis in the record which supports that verdict." *Allison v. Ticor Title Ins. Co.,* 979 F.2d 1187, 1196 (7th Cir. 1992). Rule 61 of the Federal Rules of Civil Procedure also may be relevant to a motion for a new trial. That rule provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed.R.Civ.P. 61. Under Rule 61, "[i]n order to receive a new trial, the defendant must show that the error was substantial enough to deny him a fair trial." *Perry v. Larson,* 794 F.2d 279, 285 (7th Cir. 1986). In evaluating a motion for a new trial, a court must "leav[e] issues of credibility and weight of evidence to the jury." *Kapelanski v. Johnson,* 390 F.3d 525, 530 (7th Cir. 2004) (citing *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir. 1998)). Finally, the decision about whether to grant a motion for a new trial is within a trial court's discretion. *See Neal v. Honeywell, Inc.,* 191 F.3d 827, 831 (7th Cir. 1999); *General Foam Fabricators, Inc. v. Tenneco Chems., Inc.,* 695 F.2d 281, 288 (7th Cir. 1982). With the foregoing standards in mind, the Court turns to the merits of the instant motion for judgment notwithstanding the verdict or, alternatively, for a new trial.

> As to the Rule 50 motion, plaintiff's motion merely states the following:
>
> "Pursuant to Rule 50, Plaintiff is entitled to a judgment notwithstanding the verdict for the reason that the evidence, including all reasonable inferences to be drawn from the evidence, points so strongly and overwhelming in favor of Plaintiff that reasonable and fair-minded persons in the exercise of impartial judgment could com to only one conclusion and in this case, in favor of Plaintiff and against the Defendant. *Hubbard v. Faros Fisheries, Inc.*, 626 F.2d 196 (1st Cir., [sic] 1980)."

Plaintiff's Rule 50 motion states nothing more and nothing less. Her motion does not point to any evidence to support her argument for judgment notwithstanding the verdict. Thus, the Court need not address this argument as it is not fully developed. *See United States v. Adams,* 625 F.3d 371, 378 (7th Cir. 2010) (failing to develop argument in meaningful way waives argument); *United States v. Elst,* 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."); *See United States v. Hook,* 471 F.3d 766, 775 (7th Cir. 2006). Thus, the Court denies plaintiff's motion for judgment notwithstanding the verdict and now addresses plaintiff's alternative motion for a new trial pursuant to Rule 59.

As to the jury instructions, plaintiff makes several arguments claiming that the Court erred in instructing the jury. The Seventh Circuit gives district courts "substantial discretion with respect to the precise wording of jury instructions so long as the final result, read as a whole, completely and correctly states the law." *Calhoun v. Ramsey,* 408 F.3d 375, 379 (7th Cir. 2005). An erroneous jury instruction is not prejudicial unless, "considering the instructions as a whole, along

with all of the evidence and arguments, the jury was misinformed about the applicable law." *Susan Wakeen Doll Co. v. Ashton-Drake Galleries,* 272 F.3d 441, 452 (7th Cir. 2001).

The Court notes that in reviewing the instructions as a whole, the Court finds that the instructions properly and succinctly explain the current state of the law applicable to this case based on the evidence produced at trial. Further, the Court utilized the Seventh Circuit Pattern Civil Jury Instructions for the majority of the instructions and crafted new instructions that conformed with the facts of the case and with the case law when a pattern instruction was not available or a pattern instruction needed to be changed to conform with the evidence. That said, the Court turns to plaintiff's arguments regarding the jury instructions.

First, plaintiff argues that it was improper to include in the instructions the words "age of 40 years." In particular, plaintiff takes issue with Verdict Forms A, B, C, and D, instruction # 8, and "other" instructions (which plaintiff does not specifically identify). Plaintiff argues that this language is confusing to the jury since the younger employee, Gina Feazal, was 42 years of age and, thus, the jury may have been confused that there was no discrimination because the younger employee was within the protected age group. The Court disagrees.

The ADEA prohibits an employer from discriminating against any person over 40 years of age because of the individual's age. 29 U.S.C. §§ 623(a), 631(a). To prevail on an ADEA claim, a plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.,* --- U.S. ----, 129 S.Ct.

2343, 2350, 174 L.Ed.2d 119 (2009). Further, the term "over the age of forty years" is a correct definition of the protected class under the ADEA and it does not unduly emphasize it. Thus, the Court finds that it was not improper to include that language in the verdicts or in the jury instructions.

Further, plaintiff contends that the verdict forms contained redundant language in that the incorporated the verdict directing or issues instructions in earlier instructions. The Court disagrees. A review of the verdict forms reveals that the language was not redundant and that the forms included language of what claim the jury was deciding. The verdict forms made the issues clear for the jury and enabled the jury to conduct its task.

Plaintiff also argues that Verdict Form A was confusing in that it intermixed the claim of discrimination as well as the claim of wilful violation of the ADEA and that the jury was led to believe that it would have to find a wilful violation of the ADEA in order to sign Verdict Form A in her favor. Again, the Court disagrees with plaintiff's argument. The verdict forms are not confusing. Verdict Form A gave two alternatives regarding wilfulness with spaces to place checkmarks on the forms. The form made clear that a finding could be for Plaintiff with either a checkmark for wilful or one for not wilful. Moreover, the Court gave several jury instructions that defined and explained the standard and considerations for wilfulness. Intertwined in plaintiff's claim of discrimination were many instances and distinct actions of alleged age discrimination. Thus, a simple jury instruction like the one proposed by plaintiff would not have been sufficient under the circumstances. As stated at the

jury instruction conference, the Court does not think that the verdict forms were confusing.

Once again, plaintiff argues that the Court erred in denying her motion in linine with respect to collateral source in that the Court ruled that plaintiff's retirement benefits were not collateral source and therefore admissible. Plaintiff maintains that these benefits were earned by her and that defendant did not provide them, thus, the retirement benefits were not collateral source. This is the third time denying plaintiff's motion as to collateral source. The Court addressed this argument before trial in denying plaintiff's motion in limine and denied the motion prior to the start of the jury trial as plaintiff re-raised the issue in her trial brief. Plaintiff has added nothing new to her argument that would warrant the Court to change its decision. Evidence of retirement benefits was relevant regarding plaintiff's motive to retire and allowing it was not improper.

Plaintiff also argues that the Court erred in preventing evidence of statements made by Feazel through plaintiff at trial. Plaintiff contends that these statements were not hearsay as the statements went to plaintiff's state of mind and were admissions as Feazel was an actor in the discrimination. The Court rejects this argument. The Court did not allow the statements as they were hearsay as plaintiff could not testify about things she heard Feazel had said. There was no evidence entered that any of the decision makers were working through Feazel to harass plaintiff and there was no evidence that Feazel had supervisory power over plaintiff. Thus, any out-of-court statements made by plaintiff's co-workers (including Feazel)

which were offered for the truth of matter asserted were hearsay and properly excluded from the evidence.

Next, plaintiff contends that the Court erred in not allowing evidence concerning the Democratic political activities of Warden Robert, Casey, Feazel, Bates and other correctional facility employees and that plaintiff was a republican. Plaintiff asserts that this evidence would have shown that this group of individuals were biased in favor of each other and wanted to get their own people into counseling at Centralia. Further, plaintiff contends that the Court erred in not allowing evidence concerning sexual or intimate relationships between Casey and Legislator Grandberg as this evidence would have shown bias and favoritism between Grandberg, Casey and Warden Robert. Further, plaintiff contends that the Court erred when it refused her offer of proof regarding these issues.

As stated during trial, these issues are not relevant to plaintiff's *age* discrimination claims and the Court did not err in excluding this type of evidence. The Supreme Court in *Gross* clearly has spoken on this issue. As stated above, to prevail on an ADEA claim, a plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross* 129 S.Ct. at 2350. Moreover, it is not enough, under the ADEA, to show that age was one among many motivating factors; "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse action." *Id.* In other words, there are no "mixed motives" cases under the ADEA. *See id.* Thus, it was proper for the Court to exclude this type of evidence. This is not a

political affiliation case.[1] Further, during the offer of proof, plaintiff admitted that there was no evidence that State Representative Kurt Gandburg had been involved in any of the employment decisions about plaintiff in this case. Thus, evidence of political affiliation, personal relationships and sexual relationships is/was not relevant to plaintiff's claims under the ADEA.

Plaintiff argues that the Court erred in allowing evidence of her ability as a counselor prior to March of 2006 as that evidence was irrelevant because she was discriminated from December 2006 through May 2008. The Court finds that it was proper and relevant to allow this evidence. This evidence provided background information and a complete picture of plaintiff's employment as a counselor with with defendant. Her ability as a counselor and the quality of her work were relevant to her age discrimination claims as to whether she was meeting the legitimate expectations of her employer.

Further, plaintiff contends the Court erred when it allowed testimony from Al Sanner, Terry Loepker, Cindy Cagle and others that they felt that they were not being discriminated based upon their age as their testimony was not relevant and usurped the role of the jury. The Court rejects this argument. First, plaintiff called Sanner and Loepker to testify about how they were treated by Casey and why they left Centralia. Cagle was called by the defendant and provided the same type of information. The testimony from these witnesses provided information establishing

---

[1] Neither plaintiff's complaint, the Final Pretrial Order nor plaintiff's trial brief mention political affiliation or the sexual relationship.

the work environment at Centralia and showing how Casey treated other counselors in the office. Thus, it was proper to allow testimony of whether theses witnesses believed that age was a reason for Casey's actions towards them and whether they believed that age was a reason why they left the employment of defendant.

Plaintiff also maintains that error was committed when defense counsel inquired of plaintiff whether he complaint asks for in excess of $500,000.00. The Court rejects this argument. While defense counsel did ask about plaintiff's demand, plaintiff's counsel objected to that question and the Court sustained the objection. Further in the Court's preliminary jury instruction # 2, the Court instructed the jury about what is evidence and what is not evidence and specifically addressed questions and objections by attorneys.[2] The Court presumes that the jury followed its instructions. *See Pickett Sheridan Health Care Center*, 610 F.3d 434, 446 (7th Cir. 2010). Therefore, evidence of plaintiff's demand was not admitted into evidence and no error was committed.

Plaintiff also claims that the Court erred when it allowed evidence on cross examination that Bradon Risse had been charged with socializing as this evidence

---

[2]Preliminary Instruction # 2 provides in part:
"Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the questions and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered."

was irrelevant and highly prejudicial. Plaintiff further claims that defendant's actions in putting pressure on Risse not to testify and to in fact penalize him for not being a favorable witness constitutes misconduct that warrants a new trial. The Court finds there arguments without merit. Risse was called by plaintiff to testify and not by the IDOC. He did testify and stated that he was a good employee. On cross examination, defendant was entitled to question Risse as to his bias as a witness and the pending charge from the IDOC was relevant and proper for cross examination. There is no reason to grant a new trial based on Risse's testimony.

Lastly, plaintiff contends that the Court erred in not allowing evidence or jury instructions regarding hostile work environment. The Court also finds this argument without merit. The Court did not error in not allowing plaintiff to pursue a separate hostile work environment claim as this claim was not included in the Final-Pretrial Order. *See Wilson v. Kelkhoff*, 86 F.3d at 1438, 1142 (7th Cir. 1996) (a pretrial order must "clearly set forth the various issues the parties intend to litigate"); *see also SNA Nut Co. v. Haagen–Dazs Co., Inc.,* 302 F.3d 725, 732 (7th Cir. 2002) ("a claim or theory not raised in the pretrial order should not be considered by the fact-finder"). Moreover, plaintiff did introduce evidence of her work environment as it was relevant to her constructive discharge claim.

### III.  Conclusion

Accordingly, the Court **DENIES** plaintiff's motion for judgment notwithstanding verdict or in the alternative motion for new trial (Doc. 88).

**IT IS SO ORDERED.**

Signed this 14th day of November, 2011.

Digitally signed by
David R. Herndon
Date: 2011.11.14
15:54:07 -06'00'

**Chief Judge
United States District Court**