IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY D. COOK**,

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF CORRECTIONS,**

**Defendant.**                                        **No. 09-cv-0133-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

Pending before the Court is defendant's bill of costs (Doc. 85). Specifically, defendant moves for costs in the amount of $5,044.00 which include: (1) $94.06 for service of summons and subpoena; (2) $3,497.45 in fees for deposition transcripts and (3) $1,452.49 in witness fees. Plaintiff objects to all the costs requested by defendant (Doc. 89). Based on the following, the Court awards defendant's bill of costs.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ..." *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000). There is a presumption in favor of the award of costs, and in order to overcome that presumption, "the losing

party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)). Thus, Rule 54(d)(1) establishes "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also, Riveria*. 469 F.3d at 634.

Although the prevailing party is, thus, presumptively entitled to costs, not all of the costs of litigation are recoverable. "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Further, 28 U.S.C. § 1924

requires that the party filing the bill of costs verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Defendant did so in this case.

First, defendant asks for $94.06 in fees for service and summons for Pat Rensing. Plaintiff objects to this fee as improper in that while there is a request for an advance of funds for that amount, there is no evidence that this person was issued a subpoena. A review of the record reflects that Paticia Rensing testified during the trial on May 27, 2011, from 2:47 PM to 3: PM. (Doc. 71). Thus, the Court finds defendant's assertion that the subpoena fee of $94.06 is reasonable. Thus, the Court awards defendant $94.06 for the subpoena fee.

Next, defendant seeks $3,497.45 in deposition transcripts as these deposition transcripts were used in preparing for this case and were necessary to address the issues that were pending at the time the depositions were taken. Plaintiff objects for that the transcripts were not obtained for use in the case or at trial except for the deposition of Anne Casey and plaintiff even objects to this as the parties had informally agreed that Casey's deposition was for discovery purposes.

The Court will award costs for deposition transcript so long as the deposition appears reasonably necessary in light of the facts known at the time of the deposition without regard to intervening developments that render the deposition unneeded for further use. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). *Mother & Father*, 338 F.3d at 712. The Seventh Circuit has approved an

award for videotape recording, as well, under appropriate circumstances. *Id.* at 702. A review of the record in this case demonstrates, that all of these depositions were utilized during the case and most utilized during the summary judgment stage of the litigation. In fact, in support of its motion for summary judgment, defendant submitted the following depositions: plaintiff, Feazel, Sanner, Wisely, Toennies, Ballantini, Loepker, Robert, Landreth, Casey, and Beckman (Doc. 27). Clearly, plaintiff is incorrect when she states that these depositions were not used during the case. A review of the depositions reveals that the depositions were reasonably necessary at the summary judgment stage of the litigation and that the charges are appropriate. Thus, the Court awards defendant $3,497.45 in deposition fees.

Lastly, defendant seeks $1,452.49 in costs associated with witnesses fees pursuant to 28 U.S.C. 1920(3) and 28 U.S.C. § 1821. *See Majeske*, 218 F.3d at 825-26 ("Collectively, 28 U.S.C. § § 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses). Section 1821 provides for a *per diem* of $40 per day for attendance at a court proceeding or deposition. Defendant asks for $108.74 for Julius Flagg; $120.47 for Ty Bates; $203.88 for Michelle Taphorn; $84.26 for Mark Beckmann; $213.40 for Bart Toennies; $126.76 for Gina Feazel; $137.30 for Terry Loepker; $84.26 for Cindy Cagle; $106.70 for Tony Ballantini and $266.72 for Brandon Risse. The bill of costs specifies the per diem, subsistence and mileage costs for each witness. Despite plaintiff's general objection to these fees, the Court finds that the requested amount to each witness is reasonable under 28 U.S.C. § 1920(3) and awards defendant

$1,452.49 in witness fees.

Accordingly, the Court **APPROVES** defendant's bill of costs (Doc. 85). The Court **AWARDS** defendant $5,044.00 in costs.

**IT IS SO ORDERED.**

Signed this 22nd day of November, 2011.

David R. Herndon
2011.11.22
17:19:55 -06'00'

**Chief Judge
United States District Court**