IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY D. COOK**,

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF CORRECTIONS,**

**Defendant.**                                         **No. 09-cv-0133-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Pending before the Court are Cook's pro se motions to proceed in forma pauperis on appeal (Doc. 107) and reconsideration of motion for reduced fees or payment lienency [sic] (Doc. 106). Specifically, Cook requests that the payment for the trial transcript for appeal purposes be waived before production is commenced or completed or that a reduced payment be considered as she does not have the means to pay for the transcript up front.[1] Based on the following, the Court denies the motion.

28 U.S.C. § 1915(a)(1) provides that a federal district court may authorize an appeal without prepayment of fees if the person submits an affidavit that includes a statement of all assets he/she possesses and shows that he/she is unable to pay fees or give security for the appeal. The affidavit also must also state the nature of the

---

[1] Cook filed her notice of appeal and paid the appellate filing fee of $455.00 on December 13, 2011 (Doc. 93).

appeal and the affiant's belief that he/she is entitled to redress. Except as stated in Federal Rule of Appellate Procedure 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

FED. R. APP. P. 24(a)(1). A party may not proceed *in forma pauperis* if the trial court certifies in writing that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3);FED. R. APP. P. 24(a).

A review of Cook's affidavit in support of her motion to proceed in forma pauperis on appeal reveals that the Cooks are not indigent and that the motions must be denied. The Cooks (plaintiff and her husband) have enough income to cover the filing fee (which she already paid) and the additional expenses of the appeal. Between the two of them, they have a total monthly income of $7,850.49 which amounts to $94,205.88 annually. Further, Cook has an IRA account in the amount of $17,825.44; $978.49 in a savings account and $360.24 in another savings account. Mr. Cook has $204.82 in a savings account and $7169.04 in an IRA/savings account. They own a home valued at $32,000 and other real estate valued at $65,000. In addition, they own three vehicles and tithe monthly to their church. While the Cooks have monthly expenses, these expenses do not exceed their combined monthly

income. Clearly, Cook can afford these transcripts on appeal.

Accordingly, the Court **DENIES** Cook's motion to proceed in forma pauperis on appeal and her motion for reconsideration of motion for reduced fees or payment of lienency (Docs. 107 & 106). Pursuant to FED. R. APP. P. 24(a)(4)(A), the Court **DIRECTS** the Clerk of the Court to notify the parties and the Seventh Circuit Court of Appeals of this Order. The Court notes that Cook, pursuant to FED. R. APP. P. 24(a)(5), may re-file her motion with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 14th day of May, 2012.

David R. Herndon
2012.05.14
16:22:29 -05'00'

**Chief Judge**
**United States District Court**